Joanna Lyn RYAN, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0884–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 1982.

John E. Hawtrey, Bryan, for appellant.

Jeffrey K. Brown, County Atty., Bryan, for appellee.

Before SMITH, BASS and DYESS, JJ.

OPINION

SMITH, Justice.

This is an appeal from a conviction of prostitution, with the punishment being assessed at three days confinement and a fine of $500.00.

This is a massage parlor case wherein the appellant was charged with an act of prostitution. The State alleged that the appellant made sexual contact with the complainant by the touching of his genitals, for a fee, with intent to gratify the complainant's sexual desire. The parties, during the course of the trial, referred to the act as "masturbation," a "local," and a "hand job."

On July 29, 1980, an undercover Brazos County police officer went to a massage parlor in Brazos County where the appellant was employed. The officer was given a price range for different type massages. He was informed by one employee that for an additional $30 a "local" was included with the massage, and the officer understood this to be masturbation of his penis. The officer then went into another room where he met with the appellant who gave him a similar explanation of prices and services. The officer chose the massage, which he understood would include the "local," and then paid the appellant. The officer and the appellant then undressed and the appellant massaged the officer's body for about fifteen minutes, and then took baby oil and started to rub his penis. The officer told the appellant that he wasn't interested, got dressed and left.

A woman who had previously worked at the parlor testified that a "local" was included in the fee for the massage, but she also stated that "hand jobs" were done for free. The owner of the massage parlor testified that the parlor did not charge a fee for a "local." The appellant testified that she gave the officer his half-hour massage, and then he asked her for a "local." She told him that she would give him a courtesy local for no charge after the massage was over, which she did. She also testified that she did not receive money for doing it.

The appellant first alleges error by the trial court because it shortened the voir dire examination. Defense counsel first made his general remarks and then proceeded to give general information to the jury at large. The Court informed the appellant's counsel that since the questions involved the understanding of common words, that the questions should be addressed to the group as a whole. The appellant's counsel then completed his general questioning and began to individually question each potential juror by asking a series of questions.

The first venireman apparently became confused during the following series of questions:

MR. HAWTREY: Dr. Davison, can you require that the County Attorney prove each element of the offense as the law is given to you from the bench?

MR. DAVISON: (Nods head affirmatively.)

MR. HAWTREY: Now, if the proof showed, and I believe that it will, that a hand job or a local, which I think technically could be described as masturbation, occurred, all right. Now that's one of the elements of this criminal action. Would the fact that it was acknowledged make it easier for you to find somebody guilty?

MR. DAVISON: Looks to me like that would be covered by your definition.

MR. HAWTREY: Okay. Since it's just one of the elements, would it make it easier or harder—for you to convict if that's an acknowledged thing rather than a contested thing?

MR. DAVISON: I guess I'm confused by your logic. I guess we would probably have all of the elements. Which element is missing? Perhaps I don't understand the question.

MR. HAWTREY: The fact that a hand job, a local that was masturbation occurred, do you know whether in your own mind—are you saying that you feel that the proof of the element of knowingly has been met?

MR. DAVISON: Could one imagine something like this?

THE COURT: Counsel, approach the bench.

MR. DAVISON: I don't quite understand.

The court then informed appellant's counsel that his particular line of questions were confusing and not pertinent, and he should continue with other types of questions. Appellant's counsel then stated that he was finished with his voir dire if he was not going to be allowed to ask those particular questions.

The appellant contends that the questions, which he was allowed to state in his bill of exceptions, were not improper, and that the court's refusal to permit him to ask the following short list of questions was an abuse of discretion:

Question: Do you believe a crime has been committed?

Question: With regard to prostitution, if hand jobs or locals were given, would that fact make it easier for you to convict?

Question: Would you require a showing of a fee paid if so instructed by the Court?

Question: Do you feel that if you brought in a verdict of not guilty, you would be criticized by your friends and associates?

Question: Do you feel confident of yourself to stand by your opinion if you are alone in your stand?

Question: I believe that you will be instructed that a massager is one who gives massages for a fee. The evidence may show that locals or hand jobs are given as a courtesy after the massage and without charge.

Question: Even though you may not agree with the concept of giving a hand job or a massage of the penis as a courtesy, can you consider it as fairly, as impartially as any other testimony given in this hearing?

The State contends that it was not an abuse of discretion for the trial judge to find that the questions being asked by the appellant were too confusing and immaterial, and that the appellant was not "cut off"

at that point, because he was permitted more time to ask other questions.

The propriety of any question to a venireman is left to the discretion of the trial court, but that discretion may be abused when a proper question about a proper area of inquiry is prohibited. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974). Too, the courts of Texas will not condone the arbitrary limitation of voir dire, *Barrett v. State*, 516 S.W.2d 181 (Tex.Cr.App.1974); however, the trial judge must have wide discretion with the court before a voir dire examination of a jury panel. *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975).

The facts of this case reveal that when it became obvious to the court that the questions being propounded to the venireman were confusing, the court asked appellant's counsel to approach the bench and advised him of the court's observations. Counsel at that time elected to cease propounding questions to the panel rather than attempting to rephrase his questions in such a manner as to make them less confusing. In view of the fact that appellant was not cut off, and could have propounded further questions to the jury, but elected not to do so, and in view of the fact that the appellant does not claim that he was forced to accept a specific juror or jurors who were objectionable to him because he had exhausted his peremptory challenges, we are of the opinion that the appellant has not shown harm as a result of the court's ruling. The appellant's first ground of error is overruled.

The appellant's second ground of error contends that the trial court erred when it failed to include the definition of "mistake of fact" in the jury charge. It is the appellant's contention that since she was giving a "local" as a courtesy, and did so only upon the request of an officer, then she did not knowingly charge a fee or knowingly engage in sexual conduct for a fee, as is required by the Texas Penal Code Sec. 43.02.

The State contends that the issue is whether the appellant in her offer of service verbally included a massage and masturbation under one fee, and that instruction of mistake of fact is not required.

In this case the appellant testified that when she went to work at the massage parlor, she knew that she was going to be giving "local" massages as well as other types of massages. Under these circumstances the only issue remaining under this ground of error was whether the appellant or the officer was telling the truth as to whether the "local" was included in the fee charged. The jury chose to believe the officer. We are of the opinion that the affirmative defense of mistake of fact was not raised by the appellant. The appellant's second ground of error is overruled.

The appellant's third ground of error contends that the State failed to offer proof that the appellant had the intent to knowingly engage in sexual conduct with intent to arouse.

Proof of a culpable mental state, generally, is based on circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App. 1978). The circumstantial evidence presented to prove that the appellant's acts were consistent with the intent to arouse were, the nudity of the police officer and the appellant during the massage, and the surrounding circumstances of touching of police officer's penis by the appellant.

We are of the opinion that there is sufficient circumstantial evidence for a jury to reasonably infer that the appellant's acts were consistent with, and knowingly made, with the intent to arouse.

The appellant's final ground of error alleges that the jury considered punishment during their deliberations on the guilt/innocence of the appellant. The appellant presented testimony of a juror who testified that during this phase of the trial, the jury had decided on the possible minimum punishment. The appellant claims that the jury found the appellant guilty only because they thought that they would be able to assess the minimum punishment. The

appellant cites as authority, *Sanders v. State*, 580 S.W.2d 349 (Tex.Cr.App.1978), in which it was held that extensive discussion of parole law during jury deliberations requires a reversal and remand.

Discussions by the jury in this case concerning punishment were minimal and were not extensive discussions. We are of the opinion that this short discussion by the jury was not so obviously improper or incorrect as to call for a reversal in this case. *Mullins v. State*, 397 S.W.2d 426 (Tex.Cr. App.1966), *Hill v. State*, 493 S.W.2d 847 (Tex.Cr.App.1973). The appellant's fourth ground of error is overruled and the judgment of the trial court is affirmed.