**Jo Ann GERHARDT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–96–00323–CR, 01–96–00324–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 5, 1998.

Discretionary Review Refused
July 15, 1998.

Rebecca Stewart Coulson, Houston, for Appellant.

John B. Holmes, Carmen Castillo Mitchell, Houston, for Appellee.

Before O'CONNOR, COHEN and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

Jo Ann Gerhardt, the appellant, appeals her convictions for theft. We affirm.

The appellant was indicted for theft of money from complainants Dorothy Goldman (trial cause no. 675437) and Waverly Nolley (trial cause no. 675436). The appellant pled not guilty to both charges and both charges were tried together. She was convicted by a jury on both counts and sentenced to two-years confinement and a $10,000 fine in cause number 675437 and three-years confinement and a $10,000 fine in cause number 675436.

The appellant appeals both convictions—trial cause number 675437 is our cause no. 01–96–00324–CR, and trial cause number 675436 is our cause no. 01–96–00323–CR. In point of error one, the appellant challenges her conviction in cause number 675437; in point of error two, the appellant challenges her convictions in both cause numbers.

### Ownership Interest in Stolen Funds

In point of error one, the appellant claims the evidence was legally insufficient to sus-

tain her conviction in trial cause number 675437 (our cause number 01–96–00324–CR) because the State did not prove that Dorothy Goldman had any ownership interest in the funds that were stolen. The appellant was indicted for unlawfully "appropriat[ing] by acquiring and otherwise exercising control over property, namely money, owned by Dorothy Goldman."

■ When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Short v. State*, 874 S.W.2d 666, 667 (Tex.Crim.App.1994); *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.— Houston [1st Dist.] 1994, no pet.). The standard of review is the same for both direct and circumstantial evidence. *Wilson v. State*, 863 S.W.2d 59, 65 (Tex.Crim.App. 1991); *Ray v. State*, 880 S.W.2d 795, 796 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

■ The State has the burden to prove the essential elements of the crime beyond a reasonable doubt. *Short*, 874 S.W.2d at 667; *Wynn v. State*, 847 S.W.2d 357, 359 (Tex. App.—Houston [1st Dist.] 1993), *aff'd*, 864 S.W.2d 539 (Tex.Crim.App.1993). The jury, as the trier of fact, is the sole judge of the credibility of witnesses and may believe or disbelieve all or any part of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *Reece*, 878 S.W.2d at 325. We will not reverse a judgment because of the insufficiency of the evidence when there is evidence in the record that establishes guilt beyond a reasonable doubt. *Reece*, 878 S.W.2d at 325.

A person commits theft if she unlawfully appropriates property with the intent to deprive the owner of property. TEX. PENAL CODE § 31.03(a) (1998).A person is an owner if she (1) has title to the property, (2) possession of the property, whether lawful or not, (3) or a greater right to possession than the actor. TEX. PENAL CODE § 1.07(a)(35)(A) (1998).

## Statement of Facts for Cause No. 675437

Shortly before Ida L. Gaumont died, Dorothy Goldman, Gaumont's daughter, asked the appellant to act as administrator of Gaumont's estate. Goldman gave the appellant Gaumont's will, paid the appellant $200 as a retainer, and agreed the remainder of the appellant's fee for acting as executor would come from the estate. The estate consisted of $10,003.29 in an Arizona bank account (the "Arizona funds") that was to go to Goldman's brother, and between $25,000 and $30,000 in other accounts that were to be divided among Goldman and her two sons. Goldman understood the appellant would collect all the money, put it into escrow, and file for probate in a Texas probate court. At the time of trial in 1996, the estate had not been probated and Goldman and her sons had not received anything from the estate.

Gaumont died in January 1991. About a week later, Goldman signed a document, at the appellant's behest, to transfer the Arizona funds from the Arizona bank to Texas for probate. In April 1991, the appellant filed an application to probate the will and to be appointed administrator of Gaumont's estate, although she was never appointed. On three different occasions, the appellant called Goldman and her family to come to probate court, but the appellant never appeared and the case was never set on the docket. In March and June 1991, the appellant told Goldman and Goldman's daughter she was "working on it." Goldman made a number of attempts to talk with the appellant after that, but the appellant would not return her calls, and ultimately moved without leaving a forwarding address. Goldman hired another lawyer to pursue the matter, but he was not able to get the appellant to return his calls or respond to his letters. He sent the letters to the appellant by certified mail, return receipt requested. Someone signed for the letters, but the appellant did not respond to them. Goldman did not see the appellant again until trial in 1996.

At trial, the State introduced a $10,003.29 check from the Arizona bank, dated February 20, 1991, and made payable to Ida L. Gaumont, that was deposited into the appellant's account. The check was endorsed by

"Ida Gaumont" and stamped with the appellant's name. Goldman testified that the endorsement was not her mother's signature. In fact, the check from the Arizona bank was dated five weeks after Gaumont's death. Bank records from the appellant's account show that the Arizona funds, as well as the rest of the money in the appellant's account, were withdrawn. No checks drawn on the appellant's account were made payable to Gaumont or her heirs.

### Analysis

The appellant argues Goldman had no ownership rights in the Arizona funds, which, under the terms of the will, were to go to her brother. The appellant argues that she, the appellant, had the right to possession of the Arizona funds as the administrator of the estate, but Goldman never had such a right. As stated above, the appellant was not appointed administrator of Gaumont's estate.

Article 21.08 of the Texas Code of Criminal Procedure provides that when property belongs to the estate of a deceased person, ownership of the property "may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs." TEX. CODE CRIM. P. art. 21.08 (1998). Article 21.08 is a rule of pleading; it is not part of the definition of the offense of theft. *Freeman v. State,* 707 S.W.2d 597, 603 (Tex. Crim.App.1986). In article 1.07(a)(35)(A) of the Texas Code of Criminal Procedure, the legislature gave "owner" an expansive meaning—an "owner" of property is anyone who has a possessory interest in the property through title, possession (whether lawful or not), or has a greater right to possession to the properly than the defendant. TEX. CODE CRIM. P. art. 1.07(a)(35)(A) (1998); *Freeman,* 707 S.W.2d at 603.

■ The State introduced Gaumont's will, proving that Goldman was one of Gaumont's heirs. Because Goldman is an heir of Gaumont, the State could allege and prove that Goldman did not give the appellant permission to keep the money in cause number 675437. The State was not required to prove that Goldman actually owned the Arizona funds. *See Harris v. State,* 471 S.W.2d 390, 391 (Tex.Crim.App.1971) (if indictment charges ownership in a person who is dead at the time of trial, one of heirs can testify as the owner).

We overrule point of error one.

### The Voir Dire Instruction

In point of error two, the appellant claims the trial court erred by instructing the jury panel during voir dire that the case had nothing to do with a civil case. That remark, she claims, destroyed a defensive theory and constituted a comment on the weight of the evidence.

During the appellant's examination of the jury panel, the appellant's attorney asked if the panel could find the appellant not guilty if they believed the case was a civil case and not a criminal case. The State objected and in reply, the appellant argued that if the jury thought the appellant owed a civil debt only, she should be found not guilty. The trial court sustained the State's objection. The jury panel expressed some confusion, and the trial court explained that the case before the jury was a criminal case and that "[c]ivil has nothing to do with this court in this case." The appellant objected. The court overruled the appellant's objection.

■ We review the trial court's rulings during voir dire examination under the abuse of discretion standard. *Howard v. State,* 941 S.W.2d 102, 108 (Tex.Crim.App.1996); *Ryan v. State,* 635 S.W.2d 159, 161 (Tex.App.—Houston [1st Dist.] 1982, no pet.). To show an abuse of discretion, the appellant must show the question that she sought to ask was proper. A question is proper if it seeks to discover a juror's view on an issue applicable to the case. *Howard,* 941 S.W.2d at 108.

■ The appellant cites no legal authority to support her claim that the trial court's statement somehow limited her right to ask proper questions of the jury panel. The fact that a criminal act may also be subject to civil penalties is not a defense in a criminal prosecution. *See* TEX. PENAL CODE ch. 8, "General Defenses to Criminal Responsibility." When the trial court stated that "[c]ivil has nothing to do with this court in this case," the court did not comment on the

weight of the evidence, stop the appellant from asking proper jury panel questions, or destroy a defensive theory. The trial court was seeking to clear up the confusion caused by the appellant's remarks about whether the case should be a civil case. The trial court did not err in making the remark.

We overrule point of error two.

We affirm the trial court's judgments.