Affirmed and Memorandum Opinion filed December 21, 2004









Affirmed and Memorandum Opinion filed December 21,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00484-CR

____________

 

NANCY DEAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1152059

 



 

M E M O R A N D U M  O P I N I O N

Nancy Dean was convicted of engaging in
public lewdness.  She was then sentenced
to one year’s confinement in the Harris County Jail, probated through one year
of community supervision, and assessed a $350.00 fine.  On appeal, in a single point of error, she
contends the evidence was legally insufficient to convict her because there was
no evidence that she was the person the investigator saw engaged in an act of
public lewdness.  Because we find the
record contains ample evidence of this fact, we affirm.








On January 5, 2003, Texas Alcoholic
Beverage Commission Agent Hindman went to St. James Caberet to check for
liquor, and other state law, violations.[1]  Once there, Agent Hindman went to a doorless
room where he saw Nancy Dean on her knees in front of a man.  At trial, Agent Hindman testified that he saw
her touching the man’s penis with her hand. 
However, at one point during Agent Hindman’s testimony, he referred to
the woman he saw as “Ms. Garcia.”  Based
upon this sole fact, appellant Dean contends the evidence was legally
insufficient to prove she was the person Agent Hindman witnessed committing an
act of public lewdness.

In a legal sufficiency review, we review
the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the crime’s essential elements
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000) (en banc). 
Nancy Dean asserts the record is devoid of evidence that she was the
person Agent Hindman saw engaged in an act of public lewdness simply because
Agent Hindman once referred to her as “Ms. Garcia.”  We reject her contention.  Despite Agent Hindman’s mistake about her
name,[2]
there is ample evidence in the record from which a rational jury could find
each of the elements of public lewdness.








The indictment charges her with committing
“an act of sexual contact with intent to arouse and gratify the sexual desire
of Jose Garcia . . . [by] stroking the exposed penis of Jose Garcia in a public
place, namely the St. James Caberet.”  In
a public lewdness prosecution, the “[i]ntent to arouse or gratify sexual
desires may be inferred from the surrounding circumstances.”  Gottschlich v. State, 05-01-00324-CR,
2001 WL 1467727, at *1 (Tex. App.—Dallas, Nov. 20, 2001, pet. ref’d) (not
designated for publication) (citing Steinbach v. State, 979 S.W.2d 836,
842 (Tex.App.—Austin 1998, pet. ref'd); Balash v. State, 720 S.W.2d 878,
879 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd); Ryan v. State, 635
S.W.2d 159, 162 (Tex.App.—Houston [1st Dist.] 1982, no pet.)).

At trial, Agent Hindman identified Dean as
the woman he arrested at St. James Caberet. 
He also testified that St. James Caberet is a public place.  Agent Hindman then testified that he saw Dean
on her knees in front of a man (Mr. Garcia) sitting in a chair with his pants
unzipped.  According to Agent Hindman’s
testimony, when he saw the two, Dean had her right hand on Mr. Garcia’s
penis.  Finally, Agent Hindman explained
to the jury that he had investigated many other cases of public lewdness and,
based upon his experience, he believed he had observed appellant in an act of
public lewdness.  From these facts, we
conclude the jury could rationally find each element of public lewdness.  See Jackson, 443 U.S. at 319.  We overrule appellant’s sole point of error
and affirm her conviction.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 21, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  Appellant
works at St. James Caberet, a topless bar located in Harris County, Texas,
where Agent Hindman is assigned.





[2]  In the course
of his testimony, Agent Hindman referred to Dean as “the defendant,” “Nancy
Dean,” “Ms. Dean,” and, on one occasion, “Ms. Garcia.”  The name ‘Garcia,’ however, is actually the
surname of the man that Agent Hindman saw appellant with at St. James
Caberet.