**Edward David RONK, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 10–07–00033–CR.

Court of Appeals of Texas, Waco.

Jan. 30, 2008.

Discretionary Review Refused June 11, 2008.

---

Andrew Ottaway, Granbury, for Edward David Ronk.

Dale S. Hanna, Somerville County Dist. Atty., for the State of Texas.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Edward David Ronk of misapplication of fiduciary property based on his failure to return excess funds he held under a construction contract which he had terminated. Ronk contends in his sole issue that the evidence is legally insufficient to prove that the person who contracted with and paid him for the construction of a new home was the owner of those excess funds or the person for whose benefit Ronk held those funds. We will affirm.

### Background

Mark Schneider and Lori Magner (collectively, "Schneider")[1] contracted with Ronk's company Pinnacle Structures, Inc. in March 2004 for the construction of a new home. Ronk sent Schneider a letter

---

1. Because the indictment alleges only Schneider as the complainant, we refer to Schneider and Magner collectively as "Schneider."

on Pinnacle letterhead dated August 23, 2004 terminating the contract. In this letter, Ronk stated that his company owed Schneider $27,291 which would be made "available by September 30th, 2004." Schneider disputed the amount owed and sent Ronk a letter dated September 13, 2004 requesting a total refund of $34,594. As of the date of trial, Ronk had not paid anything to Schneider.[2]

A grand jury returned a two-count indictment alleging misapplication of fiduciary property and theft.[3] Count one alleges in pertinent part that on or about the date in question Ronk did:

> intentionally, knowingly, or recklessly misapply property, to-wit: U.S. currency, of the value of $20,000 or more but less than $100,000, that the said defendant held as a fiduciary or as a person acting in a fiduciary capacity, but not as a commercial bailee, contrary to an agreement under which the said defendant held the property, and in a manner that involved substantial risk of loss of the property to Mark Schnieder [sic], the owner of said property, and the person for whose benefit the property was held, by failing to return funds owed to property owner.

After the jury found Ronk guilty of this charge, the parties negotiated an agreement regarding punishment. Pursuant to that agreement, the court sentenced Ronk to ten years' imprisonment, suspended imposition of sentence, and placed Ronk on community supervision for ten years, requiring him to pay a $1,000 fine and $34,594 in restitution.

### Ronk's Appellate Complaint

In the first paragraph of this opinion, we characterized Ronk's sole issue in more general terms as a challenge to the legal sufficiency of the evidence to prove that Schneider was either the owner of the excess funds remaining after Ronk terminated the contract or the person for whose benefit Ronk held those funds. However, Ronk's brief is imprecise as to either the nature of his complaint or the specific element(s) of the charge he is challenging.

The last paragraph of the argument portion of Ronk's brief sets out the gist of Ronk's complaint.

> Accordingly, because the owner was charged to be the beneficiary of the trust funds and paragraph 4 of the charge expressly inquired whether appellant held the funds for the "benefit" of complainant, the case must be reversed and an acquittal ordered. *Morelli v. State*, 9 S.W.3d 909 (Tex.App.–Austin 2000), *Aiken v. State*, 36 S.W.3d 131 (Tex.App.–Austin 2000).

Because Ronk requests reversal and rendition of a judgment of acquittal and because in the two cases cited the Austin Court of Appeals reversed and rendered due to legal insufficiency, we construe Ronk's complaint as a challenge to the legal sufficiency of the evidence. *See Rischer v. State*, 85 S.W.3d 839, 842–43 (Tex.App.–Waco 2002, no pet.).

This Court has encouraged appellants in criminal cases to specify the element(s) they are challenging in legal and factual

---

**2.** Although there had been some earlier disputes about monies owed to various subcontractors, Ronk concedes in his brief (and the evidence confirms) that all of the subcontractors were paid. Thus, none of the excess funds he held were being retained for payment to subcontractors. *See* TEX. PROP.CODE

ANN. § 53.101 (Vernon 2007) (requiring retainage of funds under construction contract to pay subcontractors).

**3.** At trial, the jury convicted Ronk of misapplication of fiduciary property and acquitted him of theft.

insufficiency complaints. *See Turner v. State*, 4 S.W.3d 74, 80–81 (Tex.App.–Waco 1999, no pet.). Here, Ronk complains that the evidence is legally insufficient to prove that he held the funds in question for the benefit of Schneider.

■ Section 32.45(b) of the Penal Code defines the offense of misapplication of fiduciary property as follows:

> A person commits an offense if he intentionally, knowingly, or recklessly misapplies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

TEX. PEN.CODE ANN. § 32.45(b) (Vernon Supp.2007). Under this statute, the elements of the offense are: (1) the defendant; (2) intentionally, knowingly, or recklessly; (3) misapplies; (4) property which he holds as a fiduciary; (5) in a manner that involves a substantial risk of loss; (6) to the owner of the property or a person for whose benefit the property is held. *See Bynum v. State*, 767 S.W.2d 769, 778 (Tex.Crim.App.1989).

In view of the statute, we construe his complaint to challenge the last element of the offense, namely, whether Schneider was (A) the owner of the property or (B) a person for whose benefit the property is held. The indictment alleges the alternative subparts of this element in the conjunctive, namely, that Schneider was "the owner of said property *and* the person for whose benefit the property was held." (emphasis added). These alternatives should have been submitted to the jury in the disjunctive. *See Martinez v. State*, 129 S.W.3d 101, 103 (Tex.Crim.App.2004); *Alexander v. State*, 229 S.W.3d 731, 736 (Tex.App.–San Antonio 2007, pet. ref'd).

■ Although the jury charge in this case submitted these alternatives in the conjunctive, a hypothetically correct jury charge would have submitted them in the disjunctive. *See Finster v. State*, 152 S.W.3d 215, 218 n. 2 (Tex.App.–Dallas 2004, no pet.); *see also In re A.J.G.*, 131 S.W.3d 687, 694 (Tex.App.–Corpus Christi 2004, pet. denied). And we measure the sufficiency of the evidence against a hypothetically correct jury charge. *See Hooper v. State*, 214 S.W.3d 9, 14 (Tex.Crim.App. 2007). Thus, the evidence is legally sufficient if it shows that Schneider fits within either of these alternatives.

### Owner

Section 1.07(a)(35) of the Penal Code defines an "owner" in pertinent part as "a person who ... has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PEN. CODE ANN. § 1.07(a)(35)(A) (Vernon Supp. 2007); *see Huett v. State*, 970 S.W.2d 119, 123 (Tex.App.–Dallas 1998, no pet.) (referring to this statutory definition in resolving legal and factual insufficiency complaints in prosecution under section 32.45). Because Schneider did not have title or possession, we review the evidence to determine whether he had a greater right to possession of the funds than Ronk.

■ In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sells v. State*, 121 S.W.3d 748, 753–54 (Tex.Crim.App. 2003).

■ Ronk stated in his letter terminating the construction contract with Schneider that he "owe[d]" Schneider $27,291.

The central tenet of the State's case is that Ronk was no longer entitled to any of the excess funds in his possession after he terminated the contract. There is nothing in the record to controvert this. Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Schneider was the "owner" of the excess funds held by Ronk because Schneider had a greater right of possession to those funds than Ronk. *See Cox v. State,* 93 S.W.3d 165, 167–68 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd); *Gerhardt v. State,* 965 S.W.2d 55, 58 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd). Therefore, we overrule the sole issue presented and affirm the judgment.

Chief Justice GRAY dissents from the judgment and opinion of the Court but a separate opinion will not be issued.