This opinion/order has been withdrawn per order of the Tenth Court of Appeals.






l align=center style='text-align:center'>No. 10-07-00033-CR

 

Edward David Ronk,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 249th District Court

Somervell County, Texas

Trial Court No. 249-00620

 



Opinion



 








            A jury convicted Edward David Ronk of
misapplication of fiduciary property based on his failure to return excess
funds he held under a construction contract which he had terminated.  Ronk
contends in his sole issue that the evidence is legally insufficient to prove
that the person who contracted with and paid him for the construction of a new
home was the owner of those excess funds or the person for whose benefit Ronk
held those funds.  We will affirm.

 

Background

            Mark Schneider and Lori Magner
(collectively, “Schneider”)[1]
contracted with Ronk’s company Pinnacle Structures, Inc. in March 2004 for the
construction of a new home.  Ronk sent Schneider a letter on Pinnacle
letterhead dated August 23, 2004 terminating the contract.  In this letter,
Ronk stated that his company owed Schneider $27,291 which would be made
“available by September 30th, 2004.”  Schneider disputed the amount owed and
sent Ronk a letter dated September 13, 2004 requesting a total refund of
$34,594.  As of the date of trial, Ronk had not paid anything to Schneider.[2]

            A grand jury returned a two-count
indictment alleging misapplication of fiduciary property and theft.[3] 
Count one alleges in pertinent part that on or about the date in question Ronk
did:

intentionally, knowingly, or recklessly misapply
property, to-wit: U.S. currency, of the value of $20,000 or more but less than
$100,000, that the said defendant held as a fiduciary or as a person acting in
a fiduciary capacity, but not as a commercial bailee, contrary to an agreement
under which the said defendant held the property, and in a manner that involved
substantial risk of loss of the property to Mark Schnieder [sic], the owner of
said property, and the person for whose benefit the property was held, by
failing to return funds owed to property owner.

 

            After the jury found Ronk guilty of
this charge, the parties negotiated an agreement regarding punishment. 
Pursuant to that agreement, the court sentenced Ronk to ten years’
imprisonment, suspended imposition of sentence, and placed Ronk on community
supervision for ten years, requiring him to pay a $1,000 fine and $34,594 in
restitution.

Ronk’s Appellate Complaint

            In the first paragraph of this
opinion, we characterized Ronk’s sole issue in more general terms as a
challenge to the legal sufficiency of the evidence to prove that Schneider was
either the owner of the excess funds remaining after Ronk terminated the
contract or the person for whose benefit Ronk held those funds.  However,
Ronk’s brief is imprecise as to either the nature of his complaint or the
specific element(s) of the charge he is challenging.

            The last paragraph of the argument
portion of Ronk’s brief sets out the gist of Ronk’s complaint.

            Accordingly, because the owner was
charged to be the beneficiary of the trust funds and paragraph 4 of the charge
expressly inquired whether appellant held the funds for the “benefit” of
complainant, the case must be reversed and an acquittal ordered.  Morelli v.
State, 9 S.W.3d 909 (Tex. App.—Austin 2000), Aiken v. State, 36
S.W.3d 131 (Tex. App.—Austin 2000).

 

            Because Ronk requests reversal and
rendition of a judgment of acquittal and because in the two cases cited the
Austin Court of Appeals reversed and rendered due to legal insufficiency, we
construe Ronk’s complaint as a challenge to the legal sufficiency of the evidence. 
See Rischer v. State, 85 S.W.3d 839, 842-43 (Tex. App.—Waco 2002, no
pet.).

            This Court has encouraged appellants
in criminal cases to specify the element(s) they are challenging in legal and
factual insufficiency complaints.  See Turner v. State, 4 S.W.3d 74,
80-81 (Tex. App.—Waco 1999, no pet.).  Here, Ronk complains that the evidence
is legally insufficient to prove that he held the funds in question for the
benefit of Schneider.

            Section 32.45(b) of the Penal Code
defines the offense of misapplication of fiduciary property as follows:

            A person commits an offense if he
intentionally, knowingly, or recklessly misapplies property he holds as a
fiduciary or property of a financial institution in a manner that involves
substantial risk of loss to the owner of the property or to a person for whose
benefit the property is held.

 

Tex. Pen. Code Ann. § 32.45(b) (Vernon Supp. 2007).  Under this
statute, the elements of the offense are: (1) the defendant; (2) intentionally,
knowingly, or recklessly; (3) misapplies; (4) property which he holds as a
fiduciary; (5) in a manner that involves a substantial risk of loss; (6) to the
owner of the property or a person for whose benefit the property is held.  See
Bynum v. State, 767 S.W.2d 769, 778 (Tex. Crim. App. 1989).

            In view of the statute, we construe
his complaint to challenge the last element of the offense, namely, whether Schneider
was (A) the owner of the property or (B) a person for whose benefit the
property is held.  The indictment alleges the alternative subparts of this
element in the conjunctive, namely, that Schneider was “the owner of said
property and the person for whose benefit the property was held.” 
(emphasis added).  These alternatives should have been submitted to the jury in
the disjunctive.  See Martinez v. State, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004); Alexander v. State, 229 S.W.3d 731, 736 (Tex. App.—San
Antonio 2007, pet. ref’d).

            Although the jury charge in this case
submitted these alternatives in the conjunctive, a hypothetically correct jury
charge would have submitted them in the disjunctive.  See Finster v. State,
152 S.W.3d 215, 218 n.2 (Tex. App.—Dallas 2004, no pet.); see also In re
A.J.G., 131 S.W.3d 687, 694 (Tex. App.—Corpus Christi 2004, pet. denied). 
And we measure the sufficiency of the evidence against a hypothetically correct
jury charge.  See Hooper v. State, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). 
Thus, the evidence is legally sufficient if it shows that Schneider fits within
either of these alternatives.

Owner

            Section 1.07(a)(35) of the Penal Code
defines an “owner” in pertinent part as “a person who  .  .  .  has title to
the property, possession of the property, whether lawful or not, or a greater
right to possession of the property than the actor.”  Tex. Pen. Code Ann. § 1.07(a)(35)(A) (Vernon Supp. 2007); see
Huett v. State, 970 S.W.2d 119, 123 (Tex. App.—Dallas 1998, no pet.)
(referring to this statutory definition in resolving legal and factual
insufficiency complaints in prosecution under section 32.45).  Because
Schneider did not have title or possession, we review the evidence to determine
whether he had a greater right to possession of the funds than Ronk.

            In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v.
State, 121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003).

            Ronk stated in his letter terminating
the construction contract with Schneider that he “owe[d]” Schneider $27,291.  The
central tenet of the State’s case is that Ronk was no longer entitled to any of
the excess funds in his possession after he terminated the contract.  There is
nothing in the record to controvert this.  Viewing the evidence in the light
most favorable to the verdict, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Schneider was the “owner” of the excess
funds held by Ronk because Schneider had a greater right of possession to those
funds than Ronk.  See Cox v. State, 93 S.W.3d 165, 167-68 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Gerhardt v. State, 965 S.W.2d 55,
58 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).  Therefore, we overrule
the sole issue presented and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissents from the judgment and opinion of the Court but a separate
opinion will not be issued)

Affirmed

Opinion delivered and
filed January 30, 2008

Publish

[CR25]









[1]
              Because the indictment alleges
only Schneider as the complainant, we refer to Schneider and Magner
collectively as “Schneider.”

 





[2]
              Although there had been some
earlier disputes about monies owed to various subcontractors, Ronk concedes in
his brief (and the evidence confirms) that all of the subcontractors were
paid.  Thus, none of the excess funds he held were being retained for payment
to subcontractors.  See Tex. Prop.
Code Ann. § 53.101 (Vernon 2007) (requiring retainage of funds under
construction contract to pay subcontractors).

 





[3]
              At trial, the jury convicted
Ronk of misapplication of fiduciary property and acquitted him of theft.