Cornelius Neal **JACKSON, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–97–00172–CR.

Court of Appeals of Texas, Eastland.

March 11, 1999.

John D. Nation, Dallas, for appellant.

Bill Hill, Criminal Dist. Atty., Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

JIM R. WRIGHT, Justice.

Appellant was charged by indictment with possessing cocaine. In a separate indictment, appellant was charged with taking or attempting to take a weapon from a peace officer with the intent to harm the officer. In a consolidated trial, the jury was not able to reach a verdict in the possession of cocaine case, and the trial court granted a mistrial. Although the jury did not find appellant guilty of taking or attempting to take a weapon from a peace officer, it did find him guilty of "the lesser included offense" of resisting arrest. The trial court assessed punishment at 60 days confinement in jail and a $500 fine. We vacate and enter a judgment of acquittal.

Appellant brings two points of error. First, he claims that the evidence is legally insufficient to support his conviction for resisting arrest. In reviewing the evidence for legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found that the elements of the offense were established beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.Cr.App.1991).

TEX. PENAL CODE ANN. § 38.03 (Vernon 1994) defines the offense of resisting arrest and provides in relevant part:

(a) a person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

The testimony shows that Grand Prairie Police Officer David W. Robison and his partner saw appellant run through a stop sign at an intersection and attempted, with some difficulty, to get him to stop his vehicle. When he did stop his vehicle, appellant got out and walked away. Two passengers remained in the vehicle. Officer Robison stated that, as he walked after appellant, he was telling him to stop but that appellant continued to walk away, waving his arms and yelling. After ignoring Officer Robison's demands to stop, appellant suddenly turned and began walking back toward Officer Robison, still waving

his arms and repeatedly shouting, "[W]hat's up?" Officer Robison repeated his demand that appellant stop, but appellant did not. Finally, when appellant was close enough, Officer Robison put his hand on appellant's arm and tried to begin a pat down search for weapons. There is testimony that appellant attempted to hit Officer Robison with his fist and that a struggle ensued. Officer Robison testified that, during the struggle, appellant was attempting to take his weapon from him. Officer Robison's partner was watching the other passengers, who had exited the vehicle. Another officer arrived shortly thereafter and assisted Officer Robison in handcuffing appellant. Officer Robert Lee Brown was working with Officer Robison, and he testified to substantially the same facts. Additionally, Officer Brown saw appellant hitting Officer Robison. Officer Val R. Bragg testified during the trial that he responded to another officer "check[ing] out on traffic" and went to back up the officer as a matter of routine patrol. When he arrived, he found Officer Robison and appellant engaged in a struggle. Officer Bragg tried to assist Officer Robison, but appellant was still not responsive. Appellant was eventually sprayed with pepper spray and handcuffed.

Appellant called witnesses who he testified that, when he stopped, appellant immediately got out of his car but did not walk away from the car. The witnesses testified that appellant was simply asking the officer why he had been pulled over and was expressing himself with his hands. The witnesses also testified that the officer immediately approached appellant and attempted to handcuff him, that appellant would not move his hands behind him, and that the struggle ensued. There was also testimony that appellant never attempted to hit the officer or take the officer's weapon, that the officer kicked appellant in an effort to get him to the ground to handcuff him, that the officer put his knee in appellant's back when appellant was on the ground, and that appellant was "maced"

after he was on the ground and handcuffed as well as in the patrol car. The witnesses also expressed the opinion that appellant had been treated badly by the police.

■ A person violates Section 38.03 when he or she obstructs either an arrest or a search. Agnew v. State, 635 S.W.2d 167, 168 (Tex.App.—El Paso 1982, no pet'n). Although the phrase "effecting a search" has not before been specifically defined, the phrase "effecting an arrest" has been. It has been interpreted to include the "reasonable actions of a peace officer in bringing a person under the officer's control for the purposes of the law." Schrader v. State, 753 S.W.2d 733, 735 (Tex.App.—Austin 1988, pet'n ref'd). The meaning of the phrase includes the process itself. *Schrader v. State, supra.* The critical question is whether the accused forcibly interfered with the "transaction or process" of being placed under arrest. Schrader v. State, supra. We believe that questions of whether the accused forcibly interfered with the "transaction or process" of a search should be analyzed no differently. When a person interferes with the transaction or process of conducting a search, that person has obstructed an officer "effecting a search."

■ There was evidence before the jury that the officer was attempting to perform a pat down for weapons. A pat down for weapons is a search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The jury is the sole judge of the weight and credibility of the witnesses. TEX. CODE CRIM. PRO. ANN. arts. 36.13 and 38.04 (Vernon 1979 & 1981); Alvarado v. State, 912 S.W.2d 199, 207 (Tex.Cr.App.1995). The trier of fact can accept or reject all or any part of the testimony. Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App.1992). Viewing the evidence in the light most favorable to the verdict, the jury could have found beyond a reasonable doubt that Officer Robison was "effecting a search" when appellant intentionally and forcibly obstructed Offi-

cer Robison from searching him for weapons. The evidence is legally sufficient to support the conviction for resisting arrest. Point of Error No. 1 is overruled.

■ Appellant claims in his second point of error that the trial court did not have jurisdiction to render judgment on the offense of resisting arrest because resisting arrest is not a lesser included offense of taking or attempting to take a weapon from a police officer. If resisting arrest is not a lesser included offense of taking or attempting to take a weapon from a police officer in this case, then appellant is correct. A trial court has no jurisdiction to convict a defendant of an offense not charged unless that offense is a lesser included offense of the charged offense. Foster v. State, 834 S.W.2d 494 (Tex. App.—Houston [14th Dist.] 1992, no pet'n); Nassar v. State, 797 S.W.2d 318 (Tex. App.—Corpus Christi 1990, pet'n ref'd); see also Houston v. State, 556 S.W.2d 345 (Tex.Cr.App.1977); Andrews v. State, 774 S.W.2d 809 (Tex.App.—Eastland 1989, pet'n ref'd).

The two pertinent statutes are as follows:

TEX. PENAL CODE ANN. § 38.03(a)
(Vernon 1994)

A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

TEX. PENAL CODE ANN. § 38.14(b)
(Vernon 1994)

A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer the officer's firearm, nightstick, or personal protection chemical dispensing device with the intention of harming the officer or a third person.

The beginning place for an analysis of lesser included offenses is TEX. CODE CRIM. PRO. ANN. art. 37.09 (Vernon 1981). An offense is a lesser included offense under Article 37.09 if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

■ Article 37.09(1) is the portion of the statute that relates to this case. Whether an offense is a lesser included offense under Article 37.09(1) is determined by reviewing: (1) the elements of the charged offense, (2) the statutory elements of the desired lesser included offense, and (3) the proof actually presented at trial to prove the charged offense. It is important to note that, when we examine the elements of the charged offense and the proposed lesser included offense, we look at the facts required, not the facts proved. We examine the facts actually proved when we make the third inquiry. Jacob v. State, 892 S.W.2d 905, 907 (Tex.Cr.App.1995). After it has been determined that an offense is a lesser included offense, the determination is made regarding whether the issue is raised in a particular case. This inquiry might also be stated as one which involves a two-prong analysis. See Bignall v. State, 887 S.W.2d 21, 23 (Tex.Cr.App. 1994), wherein the court stated:

Before an instruction on a lesser included offense is warranted, the following two prongs ... must be satisfied: (1)

the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.

In any event, when we examine each statute, we look only at the required elements of the offense. Then, we inquire into the elements actually proved in connection with the offense charged. These determinations are made on a case-by-case basis. Bell v. State, 693 S.W.2d 434, 436 (Tex.Cr.App.1985).

In this case, appellant was charged in the indictment with:

[K]nowingly and intentionally, with force, namely, trying to remove weapon from holster, take and attempt to take from a peace officer, to-wit: DAVID W. ROBISON, the officer's firearm, with the intention of harming said officer.

The elements which are required in the charged offense and in the offense for which appellant was convicted are:

<table>
<tr><td>Facts Required<br>for<br>"Resisting Arrest, Search, or<br>Transportation"</td><td>Facts Required<br>for<br>"Taking Officer's Weapon"</td></tr>
<tr><td>

1. Intentionally;
2. Prevent or obstruct;
3. A person known to be a peace officer or a person acting in a peace officer's presence and at his direction;
4. From effecting an arrest, search, or transportation;
5. Of the actor or another;
6. By using force against the peace officer or another.

</td><td>

1. Intentionally or knowingly;
2. With force;
3. Take or attempt to take;

4. Peace officer's firearm;

5. From peace officer;
6. With intent to harm officer or third person.

</td></tr>
</table>

It is clear that there are elements of "resisting search" which are not included within the proof required for "taking an officer's weapon." For instance, it must be shown that a person prevented or obstructed a peace officer from effecting an arrest, search, or transportation before that person may be found guilty of the offense of resisting arrest. Those elements are not within the proof necessary to establish the charged offense. The first prong of the required inquiry is not satisfied. It makes no difference that the evidence actually submitted supports the conviction for resisting arrest, search, or transportation because our legal examination of the two statutes shows that the required elements of the questioned "lesser included offense" are not subsumed by the charged offense. Resisting arrest, search, or transportation under Section 38.03 is not a lesser included offense of Section 38.14(b) in this case. Because resisting arrest is not a lesser included offense in this case, the trial court had no jurisdiction to enter the judgment of conviction, and the judgment is void. Appellant's second point of error is sustained.

The judgment of the trial court is void. We vacate that judgment and enter judgment that appellant is acquitted of the charged offense.