NO. 07-07-0023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 18, 2008
_____

RONNIE L. TOLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-412899; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Ronnie L. Toler, appeals his conviction for assault on a peace officer, twice enhanced, and sentence of 40 years incarceration in the Institutional Division of the Texas Department of Criminal Justice, contending that the evidence is legally insufficient. We affirm.

Background

On May 18, 2006, Lubbock police officers Michael Chavez and Jacob Flores were conducting surveillance in a neighborhood where Officer Chavez had previously made narcotic-related arrests . While doing surveillance, Chavez and Flores observed appellant, who had binoculars, approach the driverside window of a vehicle that was stopped in the middle of the street. When appellant saw the officers, he immediately stepped away from the vehicle and begin walking away. Officer Chavez yelled out to appellant to stop but appellant continued to walk away. As Officer Chavez continued to pursue appellant, appellant turned around and stated that he had not done anything. However, Officer Chavez, believing that appellant may have been involved in narcotic trafficking, detained appellant. Because appellant did not have any identification, Officer Chavez decided to take appellant to the police vehicle in order to be able to identify him as well as pat him down for weapons. Once Officer Chavez began the pat down, appellant became agitated and did not allow Officer Chavez to pat him down. Because of appellant's agitated state, Officer Chavez decided to handcuff appellant, but appellant became uncooperative, pulled away, and ran away from Officer Chavez. During the ensuing chase, both officers used their tasers and batons to subdue appellant and eventually handcuffed appellant. It was during this chase that appellant, in attempting to elude the police, struck Officer Flores in the face with a closed fist. Appellant was arrested and charged with assault on a public servant, enhanced by two prior felonies.

After a jury trial, appellant was found guilty and sentenced to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals

his conviction and sentence contending that the evidence is legally insufficient to uphold his conviction because the State failed to demonstrate that Officer Flores was lawfully discharging an official duty.

Standard of Review

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

A police officer's interaction with a citizen can be classified as an encounter, detention, or seizure. See Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.–Houston [1st Dist.] 2001, no pet.). Encounters occur when police officers approach an individual in public to ask questions. Id. Encounters do not require any justification whatsoever on the part of an officer. Id. (citing U.S v. Mendenhall, 446 U.S. 544, 555, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). An investigative detention is a confrontation of a citizen by law enforcement officers wherein a citizen yields to a display of authority and is temporarily detained for purposes of an investigation. Johnson v. State, 912 S.W.2d 227, 235 (Tex.Crim.App.1995). An investigative detention is permitted if it is supported by

3

reasonable suspicion. Citizen, 39 S.W.3d at 370. See also Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and objective basis for suspecting the person is, has been, or soon will be engaged in criminal activity. Citizen, 39 S.W.3d at 370 (citing Crockett v. State, 803 S.W.2d 308, 311 (Tex.Crim.App.1991)). A determination of whether the police interaction is an encounter, detention or seizure is assessed by looking at the totality of the circumstances. See Hunter v. State, 955 S.W.2d 102, 104 (Tex.Crim.App. 1997).

## Law and Analysis

Appellant complains that the officer did not have reasonable suspicion to stop him and, thus, was not performing an official duty. Hence, appellant contends that the evidence does not support the conviction because the officer was not lawfully discharging an official duty. See TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp. 2007). However, the officers testified to surveillance of the location where appellant was arrested. According to the officers, because of the time of night, the previous narcotic-related arrests, information received by the police department of narcotic trafficking in the area, the amount of traffic at that time of night, the vehicle parked in the middle of the road, and appellant's possession of binoculars, the officers testified that they sought to detain appellant for questioning related to drug activity. At this point, the officers had reasonable suspicion to detain appellant for investigative purposes. See Citizen, 39 S.W.3d at 370. However, even if the officers did not have reasonable suspicion for lawfully detaining appellant, the officers were still performing their official duty because a police officer is acting within the lawful discharge of his official duties so long as he is acting within his

4

capacity as a peace officer. See Hughes v. State, 897 S.W.2d 285, 298 (Tex.Crim.App. 1994). See also Hall v. State, 158 S.W.3d 470, 475 n.16 (Tex.Crim.App. 2005). In this case, the officers were in uniform, on duty, and in a marked vehicle performing a duty, i.e. surveillance, in their capacity as peace officers. See Hughes, 897 S.W.2d at 298. If appellant felt that he was being unlawfully detained, searched or arrested, the proper forum for raising the issue is in the courtroom, not on the street. See White v. State, 601 S.W.2d 364, 366 (Tex.Crim.App. 1980). Nevertheless, at the point that appellant physically resisted the pat down and broke free of Officer Chavez's grip, he became culpable for the offense of resisting arrest. See Cook v. State, 1 S.W.3d 718, 721 (Tex.App.–El Paso 1999, pet. ref'd). Therefore, whether or not the officers had reasonable suspicion for the detention, at the point that appellant resisted Officer Chavez's pat down and instead decided to break free and flee, appellant had committed the criminal offense of resisting arrest. At that point, Officer Flores, in chasing and detaining appellant, was performing his official duty in apprehending a person who had committed a criminal offense in his presence. See TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Hence, having reviewed the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, we conclude that the evidence is legally sufficient to uphold appellant's conviction. We, therefore, overrule appellant's issue.

Conclusion

For the foregoing reasons, we affirm.


Mackey K. Hancock
Justice


Do not publish.