NO. 07-06-0413-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 27, 2008
_____

RANDY DEWAYNE COX, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,197-C; HONORABLE PATRICK A. PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Randy Dewayne Cox, appeals his conviction for the offense of evading arrest or detention with a vehicle and sentence of 24 months confinement in the State Jail Division of the Texas Department of Criminal Justice.  We affirm.

Background

On May 2, 2004, police officers were called to the scene of a possible shooting. Dispatchers sent officers Mogelinsky and Cearley to the scene, who were later joined by

Corporal James and Sergeant Reed. Mogelinsky arrived first and was directed by a witness to a person leaving toward a white Suburban. The witness told Mogelinsky that the person leaving had a gun. Mogelinsky and Cearley both headed toward the vehicle to speak to the person who allegedly had a gun, but the person entered the vehicle without stopping for the officers. Both Mogelinsky and Cearley attempted to stop the vehicle, but were unsuccessful. As he left the parking lot, the driver hit at least two other cars and continued to drive away without stopping. James attempted to stop the vehicle by standing in the street and placing his hands in front of him, but the driver continued to drive toward James causing James to jump out of the way. Likewise, Reed stepped in front of the vehicle in an attempt to cause the driver to stop, but instead the driver continued toward Reed. In a final attempt to stop the vehicle, Reed fired several rounds at the vehicle striking the Suburban and the driver. The vehicle continued to leave the scene and was chased by several police cars until the Suburban eventually crashed. The officers apprehended the driver and later identified him as appellant. Appellant was taken to the hospital where he was treated and later arrested. Appellant was eventually charged with four counts of evading arrest or detention with a vehicle, all state jail felonies.

After a jury trial, appellant was found guilty of three of the four counts of evading arrest or detention with a vehicle and was sentenced by the trial court to concurrent sentences of 24 months confinement in a state jail facility in the Texas Department of Criminal Justice. By several points, appellant now appeals contending that the evidence was both legally and factually insufficient to support his convictions. We affirm.

2

## Standard of Review

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

3

Law and Analysis

A police officer's interaction with a citizen can be classified as an encounter, detention, or seizure. See Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.–Houston [1st Dist.] 2001, no pet.). An investigative detention is a confrontation of a citizen by law enforcement officers wherein a citizen yields to a display of authority and is temporarily detained for purposes of an investigation. Johnson v. State, 912 S.W.2d 227, 235 (Tex.Crim.App.1995). An investigative detention is permitted if it is supported by reasonable suspicion. Citizen, 39 S.W.3d at 370. See also Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and objective basis for suspecting the person is, has been, or soon will be engaged in criminal activity. Citizen, 39 S.W.3d at 370 (citing Crockett v. State, 803 S.W.2d 308, 311 (Tex.Crim.App.1991)).

In this case, the jury found appellant guilty of three separate offenses and found appellant not guilty of one offense. The three offenses were for evading arrest with a motor vehicle from Officer Cearley, Corporal James and Sergeant Reed. From the testimony of the officers, the jury heard that the police were called to the scene because of reports of gunshots and that someone had possibly been shot in the head. Thus, police were sent to the scene for the purpose of investigating possible criminal activity such as aggravated assault, see TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2007),[1] or possibly an unlawful discharge of a firearm in a municipality, see § 42.12. When Mogelinsky and

---

[1] Further references to the Texas Penal Code Annotated will be by reference to "section __" or "§ __."

4

Cearley arrived, they received information that a person with a gun was entering a vehicle driven by appellant. Officer Cearley then testified that he approached the vehicle, identified himself as a police officer, illuminated the driver side with his flashlight, made eye contact with appellant, displayed his weapon, and verbally ordered appellant to exit. Instead, appellant drove away and hit at least one other vehicle and continued driving without stopping. At that point, appellant had arguably committed the criminal offense of failure to perform his duty upon striking an unattended vehicle. See TEX. TRANSP. CODE ANN. § 550.024 (Vernon 1999). Once appellant was observed damaging unattended vehicles without stopping to leave his personal information, officers had authority to arrest appellant. See TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Corporal James and Sergeant Reed testified to attempting to stop appellant by standing in the path of the vehicle and holding their hands outward to signal to appellant their request to appellant to stop the vehicle. Both James and Reed testified to being in police uniform. Appellant continued toward the officers and, according to some testimony, may have even accelerated toward the officers.

In reviewing the evidence for legal sufficiency, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. In this case, when Officer Cearley ordered appellant to exit the vehicle, Cearley had information that a person who had just entered the vehicle had a gun. When a detention is based upon conduct, the conduct need not itself be unlawful or in some sense inconsistent with innocence. Cook v. State, 1 S.W.3d 722, 725 (Tex.App.–El Paso1999, no pet.). Innocent

5

behavior will frequently provide the basis for a showing of probable cause or reasonable suspicion and in making a determination of probable cause or reasonable suspicion, the relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular types of noncriminal acts. Id. In the present case, the officers who were dispatched to investigate a shooting were informed of the possible location of a gun. Objective facts, meaningless to the untrained, when used by trained law enforcement officers can be combined with permissible deductions from such facts to form a legitimate basis for suspicion of a particular person. Id. Therefore, we conclude that Cearley had particularized information and an objective basis for suspecting that a person in the vehicle had been engaged in criminal activity and, therefore, conclude that Cearley had reasonable suspicion to support an investigative detention. Citizen, 39 S.W.3d at 370. Therefore, we conclude that, looking at the totality of the circumstances, the evidence at trial demonstrated that Officer Cearley had sufficient basis for an investigative detention. See Cook v. State, 1 S.W.3d at 725. Likewise, both James and Reed testified that appellant collided with parked cars and continued without stopping. Therefore, they were authorized to arrest appellant for the offense of failure to perform his duty upon striking an unattended vehicle. Further, James and Reed were both aware that Mogelinsky and Cearley were attempting to stop the vehicle. Reed also testified to hearing someone yell, "He's got a gun." In order for the State to prove the elements of evading detention with a vehicle, the State was required to prove that appellant intentionally fled from a person he knew to be a peace officer attempting to lawfully arrest or detain him and used a vehicle while in flight. See § 38.04(a), (b)(1). Appellant only disputed whether the officers had a legal basis for detaining him. We conclude that, viewing all the evidence in the light most

favorable to the verdict, that the evidence was legally sufficient for a rational trier of fact to have found that the officers had the legal authority to detain appellant. Therefore, we overrule appellant's issue of legal sufficiency.

We next review all the evidence in a neutral light in order to assess whether the evidence was factually sufficient to support the convictions. See Watson, 204 S.W.3d at 415. We especially review the evidence that appellant claims undermines the jury's verdict. Sims, 99 S.W.3d at 603. Appellant's primary contention is that neither the officers or anyone else associated with law enforcement saw a gun or knew that a person with a gun had entered the vehicle. Further, appellant contends the detention could not be legal because the officers did not have a credible or identifiable witness to the offense of possession of a weapon. However, an officer may use information given to them by a witness, in addition to their own information and perceptions, to make a decision as to whether to detain a person or not. The most reliable form of citizen-informant tip is information given by a face-to-face informant who has no other contact with the police beyond witnessing a criminal act. State v. Griffey, 241 S.W.3d 700, 704-705 (Tex.App.–Austin 2007, pet. ref'd). Because of the inherent reliability of citizen informants, the information they provided to police can be sufficient to establish reasonable suspicion to detain a person. See id. We, therefore, conclude that each of the officers had sufficient information to detain appellant and the occupants of the vehicle. The detention was supported by the evidence gained from the police dispatcher, the witness at the scene, and the officers' own observations while at the scene. Therefore, reviewing all of the evidence in a neutral light including the evidence appellant claims undermines the verdict, we

conclude under a totality of the circumstances that the evidence taken together with rational inferences from those facts, was sufficient to rationally justify the jury's finding that the appellant was guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. We overrule appellant's issue of factual sufficiency.

## Conclusion

For the foregoing reasons, we affirm the judgments.


Mackey K. Hancock
Justice


Do not publish.