NO. 07-08-0516-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2009

______________________________


CURTIS LEE SMITH,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17591-0803; HON. ED SELF, PRESIDING

_______________________________

Memorandum Opinion
__________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Curtis Lee Smith appeals his conviction of possession of a controlled substance
(cocaine) in an amount of less than one gram. He does so by contending he was not
subject to enhancement as alleged in the indictment. We reverse and remand the
judgment. 
          The State alleged that appellant had previously committed a felony on August 20,
1991, in Cause No. A10855-9109 for which he was sentenced to probation on November
25, 1991, and which probation was revoked on August 5, 1994. The State then alleged
that after the conviction in Cause No. A10855-9109 was final, appellant committed another
felony in Cause No. B11663-9403 for which he was convicted on August 4, 1994. That
felony was committed on March 9, 1994. Because the current offense is a state jail felony,
see Tex. Health & Safety Code Ann. §481.115(b) (Vernon 2003), it is enhanced pursuant
to §12.42(a)(2) of the Penal Code which states: “If it is shown on the trial of a state jail
felony punishable under Section 12.35(a) that the defendant has previously been finally
convicted of two felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on conviction the
defendant shall be punished for a second-degree felony.” Tex. Penal Code Ann.
§12.42(a)(2) (Vernon Supp. 2008). 
          The pen packet admitted into evidence shows a judgment revoking probation in
Cause No. A10855-9109 on August 5, 1994. A probated sentence is not a final conviction
for enhancement purposes until it is revoked. Jordan v. State, 36 S.W.3d 871, 875 (Tex.
Crim. App. 2001); Ex parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). 
Since the first conviction did not become final until August 5, 1994, the second conviction
did not occur prior to the first becoming final. For this reason, the evidence is not legally
sufficient to support the enhancement paragraphs. Tomlin v. State, 722 S.W.2d 702, 705
(Tex. Crim. App. 1987) (stating that when there is no evidence to show the offenses were
committed and became final in the proper sequence, the defendant’s sentence may not
be enhanced). This is true even though appellant pled true to the enhancement
allegations. See Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). Moreover,
the error may not be deemed harmless. Jordan v. State, 256 S.W.3d 286, 292 (Tex. Crim.
App. 2008). Therefore, the judgment must be reversed. 
          Accordingly, we reverse the judgment and remand to the trial court for a new
punishment hearing.


 See Ex parte Rich, 194 S.W.3d at 513 (stating that when there is
error at the punishment phase, the case may be remanded for the proper assessment of
punishment). 
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Do not publish. 



mall-caps">Tex. Penal Code Ann. § 22.01(b)(1) (Vernon Supp. 2007). However,
the officers testified to surveillance of the location where appellant was arrested. 
According to the officers, because of the time of night, the previous narcotic-related
arrests, information received by the police department of narcotic trafficking in the area, 
the amount of traffic at that time of night, the vehicle parked in the middle of the road, and
appellant’s possession of binoculars, the officers testified that they sought to detain
appellant for questioning related to drug activity. At this point, the officers had reasonable
suspicion to detain appellant for investigative purposes. See Citizen, 39 S.W.3d at 370. 
However, even if the officers did not have reasonable suspicion for lawfully detaining
appellant, the officers were still performing their official duty because a police officer is
acting within the lawful discharge of his official duties so long as he is acting within his
capacity as a peace officer. See Hughes v. State, 897 S.W.2d 285, 298 (Tex.Crim.App.
1994). See also Hall v. State, 158 S.W.3d 470, 475 n.16 (Tex.Crim.App. 2005). In this
case, the officers were in uniform, on duty, and in a marked vehicle performing a duty, i.e.
surveillance, in their capacity as peace officers. See Hughes, 897 S.W.2d at 298. If
appellant felt that he was being unlawfully detained, searched or arrested, the proper forum
for raising the issue is in the courtroom, not on the street. See White v. State, 601 S.W.2d
364, 366 (Tex.Crim.App. 1980). Nevertheless, at the point that appellant physically
resisted the pat down and broke free of Officer Chavez’s grip, he became culpable for the
offense of resisting arrest. See Cook v. State, 1 S.W.3d 718, 721 (Tex.App.–El Paso
1999, pet. ref’d). Therefore, whether or not the officers had reasonable suspicion for the
detention, at the point that appellant resisted Officer Chavez’s pat down and instead
decided to break free and flee, appellant had committed the criminal offense of resisting
arrest. At that point, Officer Flores, in chasing and detaining appellant, was performing his
official duty in apprehending a person who had committed a criminal offense in his
presence. See Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005). Hence, having
reviewed the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt, we conclude that the evidence is legally sufficient to uphold appellant’s
conviction. We, therefore, overrule appellant’s issue.
 
 
Conclusion
          For the foregoing reasons, we affirm.  






                                                                           Mackey K. Hancock

                                                                                     Justice













Do not publish.