**Opinion filed November 12, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00378-CR

_____

## FIDEL SERRANO MENJIVAR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CR142949**

## M E M O R A N D U M   O P I N I O N

The jury convicted Fidel Serrano Menjivar of the misdemeanor offense of resisting arrest, search, or transportation. *See* TEX. PENAL CODE ANN. § 38.03 (West 2011). The trial court assessed Appellant's punishment at confinement for a term of 180 days in county jail and a fine of $1,000. The trial court suspended the confinement portion of Appellant's sentence and placed him on community

supervision for a period of one year. In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Appellant argues that the evidence was insufficient to show that he intentionally prevented an officer from arresting him because he did not know that he was being arrested. Specifically, Appellant argues that he did not understand what the officers were doing because he is a Spanish speaker and that the officers made no attempt to secure the use of an interpreter to explain the purpose of the police contact.

In the complaint and information, the State alleged that Appellant intentionally prevented Officer Stephen Standage from effecting the arrest, search, and transportation of Appellant by using force against the officer. A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer. PENAL § 38.03(a). It is not a defense to the prosecution of the offense that the arrest or search was unlawful. *Id.* § 38.03(b); *State v. Mayorga*, 901 S.W.2d 943, 945 (Tex. Crim. App. 1995).

Officer Standage of the Midland Police Department testified that, on the evening in question, he received a "check-person call" from the dispatcher. The

dispatcher told him that there was a group of individuals standing on the corner of South Terrell and East Walcott and that one of the individuals was pointing a firearm in the air. When Officer Standage arrived, he observed three individuals standing together and one individual, Appellant, walking toward a vehicle. Officer Standage was wearing his uniform, and he identified himself as a police officer. He did not see a gun when he arrived and, because he was not aware of where the gun was located, believed that he needed to search everyone at the scene.

Appellant continued to walk toward the vehicle, and Officer Standage again identified himself and told Appellant to come toward him. Appellant did not stop, moved closer to the vehicle, and began to open the door of the vehicle as though he was going to reach in and get something. Officer Standage hurried to get to the vehicle before Appellant could pull something out of the vehicle; he was concerned that there was a gun in the vehicle. Officer Standage grabbed Appellant and pulled him out of the vehicle. Appellant pulled away and, in doing so, pulled Officer Standage back toward the vehicle. Officer Standage pulled harder, and both of them ended up on the ground. Appellant was "flinging" his arms around, and Officer Standage could not handcuff him until another officer came to the scene to assist. Officer Standage testified that, at the time he arrested Appellant, he still did not know where the gun was. However, Officer Logan Ellinger of the Midland Police Department testified that the gun was located before he left his car and before he assisted Officer Standage in arresting Appellant. Officer Standage did not find the gun in Appellant's possession. Instead, Arturo Montoya, one of the other individuals at the scene, showed Officer Standage the gun; it was a black BB gun.

On cross-examination, Officer Standage testified that he arrested Appellant for public intoxication because he "smelled a strong odor from an intoxicating beverage emitting from" Appellant while they were on the ground. Officer Standage acknowledged that, when he approached Appellant, he had not made a decision to

arrest him for public intoxication. The public intoxication charge was later dropped for insufficient evidence.

Appellant's neighbor, Olivia Martinez, testified that Appellant was across the street in Appellant's shop when the officers arrived. The officers came up to her first; she was sitting in her car. Her husband, Montoya, was standing behind her vehicle playing with the BB gun. The officers took the BB gun away from Montoya and determined that it was in fact a BB gun within the first five minutes of their arrival.[1] The officers did not go over to talk to Appellant until after they had placed the BB gun on top of the car. Martinez further testified that Appellant was never at her property that evening but that, instead, Appellant and Montoya were talking to each other back and forth from across the street. Based on her observations, Appellant did not understand what was going on or why he was being placed in handcuffs. Appellant asked, in Spanish, "What did I do?"; "What is going on?"; and "Why are you arresting me?" Martinez and the other individuals at the scene tried to translate for Appellant, but the police told them, "He will call y'all when he gets to where he is going." Martinez testified that Appellant did not struggle with the officers when they were trying to get him out of or away from the car.

Appellant maintains that the evidence presented was insufficient to show that Appellant intentionally prevented Officer Standage from arresting him because he did not know that he was being arrested. Officer Standage testified that he decided to arrest Appellant for public intoxication when he smelled a strong odor of intoxicating beverage coming from Appellant when they were on the ground. Thus, Officer Standage did not intend to arrest Appellant when he approached Appellant; he intended to arrest him only after the struggle began.

---

[1] On cross-examination, Martinez testified that the BB gun was in the seat on the driver's side of the car and that the police had to ask them where the gun was located.

To establish that an officer was in the process of effecting an arrest, the State must prove that the officer had a preexisting intent to arrest and took some action pursuant to that intent. *Latham v. State*, 128 S.W.3d 325, 329 (Tex. App.—Tyler 2004, no pet.). Based on his own testimony, Officer Standage did not intend to arrest Appellant for public intoxication until after Appellant began resisting him. However, regardless of whether there was sufficient evidence to show that Appellant resisted arrest by preventing Officer Standage from effecting an arrest, there was sufficient evidence to show that Appellant resisted arrest, search, or transportation by preventing Officer Standage from detaining him and effecting a search.

Section 38.03 provides that a person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer. PENAL § 38.03(a). Therefore, the State can prove that a person committed the offense of resisting arrest, search, or transportation by showing that the person prevented an officer from effecting an arrest, from effecting a search, or from effecting transportation of that person. Appellant argues that the State neither alleged nor presented evidence that Appellant resisted the search of his person. We disagree with both propositions.

In the complaint and information, the State alleged that Appellant intentionally prevented Officer Standage from effecting the arrest, search, and transportation of Appellant by using force against the officer. "When a person interferes with the transaction or process of conducting a search, that person has obstructed an officer 'effecting a search.'" *Jackson v. State*, 993 S.W.2d 162, 164 (Tex. App.—Eastland 1999, no pet.). Evidence that the person pulls against an officer, twists or squirms to thwart the officer's movements, or struggles against an officer is sufficient to show that the person used force against the officer. *See, e.g.*, *Pumphrey v. State*, 245 S.W.3d 85, 89–92 (Tex. App.—Texarkana 2008, pet. ref'd).

5

Officer Standage testified that he believed that he needed to search everyone at the scene for a gun because, when he arrived, he was not aware of where the gun was located. He explained that he pulled Appellant away from the vehicle because he was concerned that the gun might be in the vehicle. When he grabbed Appellant, Appellant pulled away, and eventually, both he and Appellant ended up on the ground. Officer Standage could not control Appellant on his own because Appellant was "flinging" his arms around.

Although Martinez and Officer Ellinger testified that Officer Standage located the BB gun prior to the encounter with Appellant, Officer Standage maintained that he had not located the gun until after he arrested Appellant. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). In addition, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. Here, the jury could have rejected the testimony of Martinez and Officer Ellinger regarding the location of the gun and could have reasonably inferred that Officer Standage was effecting a search of Appellant when the struggle took place. The jury also could have reasonably inferred that, regardless of whether Appellant could understand precisely what Officer Standage was saying, Appellant knew that Officer Standage was a police officer by the fact that he arrived on the scene in uniform and that Appellant knew Officer Standage was trying to get his attention to investigate the situation further. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally prevented or obstructed Officer Standage, a person he knew to be a peace officer, from effecting an arrest, search, or transportation of Appellant

6

by using force against Officer Standage. Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE


November 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.