Daniel Eric FINSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–03–01029–CR, 05–03–01030–CR.

Court of Appeals of Texas, Dallas.

Dec. 14, 2004.

William T. (Bill) Hill, Jr., Larissa Roeder, Asst. Crim. Dist. Atty., Dallas, for state.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

MAZZANT, Justice.

Daniel Eric Finster appeals his convictions for criminal mischief (appeal number 05–03–01030–CR) and resisting arrest, search, or transportation (appeal number 05–03–01029–CR). A jury found appellant guilty of both offenses, and the court assessed punishment at ninety days' confinement and a $1000 fine for each offense. In two issues, appellant argues (1) there was no evidence to support a conviction for resisting arrest or resisting transportation, and (2) he was denied his right to a unanimous verdict because the charge allowed conviction on resisting arrest, search, or transportation when there was insufficient evidence of resisting arrest and of resisting transportation. We dismiss the appeal in cause number 05–03–01030–CR, and we affirm the trial court's judgment in cause number 05–03–01029–CR.

### FACTUAL BACKGROUND

While at a Wal–Mart, appellant began writing obscenities and other statements on flags the store had displayed for sale. Appellant overheard two other shoppers discussing political issues, and he began yelling obscenities at them. Concerned, one of the shoppers reported appellant's behavior to store personnel. Store personnel contacted the police department.

Several store employees approached appellant, and one asked him to leave the store. Appellant left the flag display area and walked toward the front of the store. He picked up some bags of salad and stood

Robert D. Burns, Dallas, for Appellant.

in line to check out. A cashier said she could check him out at the service desk, and appellant went to the service desk and waited.

Officer J.L. Bryan arrived at the service desk and approached appellant. Bryan saw appellant put his hands in his pockets, and Bryan asked three times before appellant removed his hands from his pockets. The police dispatch had told Bryan that appellant had been cussing at employees and customers, and Bryan noticed appellant begin to clench his fists and tense up. Bryan was concerned appellant might become violent, and he did not know if appellant had a weapon on his person. Bryan placed a hand on appellant's back and told him he was going to pat him down to make sure he did not have any weapons. Bryan was not attempting to effect an arrest at that time, but he was trying to conduct a "pat-down search" to assure appellant had no weapons. Just as Bryan began the pat-down, appellant "flop[ped] face first onto the floor." Appellant caught himself with his hands.

Bryan and his partner, Officer Kelly Dennis, continued talking to appellant, directing him to put his hands behind his back. Appellant did not comply. Dennis and Bryan tried to pull appellant's hands out from underneath him to put them behind appellant's back, unsure if appellant had a weapon, but appellant kept his hands in front of him, underneath his body. The officers used verbal commands and "muscling techniques," but appellant began "actively fighting" them. Appellant kicked Bryan in the back of the head and punched him with the palm of his hand. Officer J.S. Borges arrived to assist, and the officers continued the struggle with appellant,

increasing their force. Finally, Borges used pepper spray, and appellant "stopped resisting as much" and they were able to handcuff him.

The officers asked appellant to stand, but he refused. They picked appellant up and attempted to walk him out the door, but appellant "flop[ped] down again." Bryan stated appellant was "resisting . . . transport" by falling down and requiring the officers to drag him. The officers dragged appellant to the door and told appellant they did not want to drag him on the concrete. Appellant got up and walked to the police car. Bryan testified that at that point, appellant was under arrest.

Appellant testified he did not know what the officers were doing and thought he would be safer if he were on the floor. He testified he did not intend to kick the officer, but that he "was trying, purposely, to avoid being violent with the police, . . . so [he] was flailing around." Appellant said that after he fell to the floor, he kept his hands underneath him, preventing the officers from accessing his hands. Appellant said, "I had a pretty good idea . . . they were going to be trying to handcuff me, and I was keeping my hands or arms away from them to try and buy time."

### CRIMINAL MISCHIEF

Appellant does not raise any issues relating to his conviction for criminal mischief.[1] With no issues before the Court on that charge, we dismiss the appeal in cause number 05–03–01030–CR. *See* TEX. R. APP. P. 38.1; 43.2.

---

1. Appellant was notified by letter that his brief was defective in this respect. Appellant was given ten days to file an amended brief and warned that failure to do so would result in the appeal being submitted on the defective brief. Appellant failed to file an amended brief.

## CHARGE IN THE DISJUNCTIVE

■ In his second issue, appellant contends he was denied his right to a unanimous verdict because the charge allowed conviction for more than one offense. The charge stated,

> [I]f you find from the evidence beyond a reasonable doubt that the defendant ... did unlawfully then and there intentionally prevent or obstruct J. Bryan, a person that the defendant knew to be a peace officer, from effecting the arrest or search or transportation of the said defendant, by using force against said peace officer ....

Appellant argues the disjunctive jury charge created harmful error because there was no evidence to support two of the three "charges."

■ A jury verdict in a criminal case is required to be unanimous. TEX. CONST. art. V, § 13. A unanimous jury verdict "ensures that the jury agrees on the factual elements underlying an offense," requiring "more than mere agreement on a violation of a statute." *Francis v. State,* 36 S.W.3d 121, 125 (Tex.Crim.App.2000). However, a trial court may submit a disjunctive jury charge and obtain a general verdict where the alternate theories involve the commission of the "same offense." *Id.* at 124; *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App.1991). Because of the possibility of a non-unanimous jury verdict, "separate offenses" may not be submitted to the jury in the disjunctive. *Francis,* 36 S.W.3d at 124–25. Thus, we

must determine whether the jury charge in this case merely charged alternate theories of committing the same offense or whether the jury charge included two or more separate offenses charged disjunctively.

This Court has not, in a published opinion, addressed whether the acts in section 38.03 are separate offenses or one offense capable of being committed under alternative theories.[2] The Fourteenth Court of Appeals in Houston, however, has treated these acts as separate offenses. *See Vaughn v. State,* 983 S.W.2d 860 (Tex. App.-Houston, [14th Dist.] 1998, no pet.). In *Vaughn,* in response to the defendant's challenge to the legal sufficiency of the evidence, the court reviewed the language of the information in which he had been charged and stated, "This information indicates the State charged appellant with resisting arrest, not resisting search. The State could have charged appellant alternatively with all three offenses which would have forced appellant to file a motion to quash the information and require the State to charge him more specifically." *Id.* at 862. However, we disagree with the Houston court's treatment of the offense in section 38.03.

We rely on "separate offense" analysis conducted by the court of criminal appeals in asking if the language of section 38.03 addresses separate offenses or one offense with a variety of means of commission. In looking at the aggravated sexual assault statute, section 22.021 of the penal code,

---

**2.** In an unpublished opinion, this Court treated the offenses of resisting search and resisting arrest as one offense able to be committed under different theories. *See Soto v. State,* No. 05–97–00917–CR, 1998 WL 265135, at *2 (Tex.App.-Dallas May 27, 1998, no pet.) (not designated for publication). In *Soto,* the defendant complained the evidence was insufficient to support his conviction for resisting arrest because the testifying police officer

stated the defendant's use of force was an attempt to prevent a pat-down frisk or search. We affirmed the trial court's conviction, stating that a "hypothetically correct jury charge would have charged in the disjunctive that appellant resisted arrest or the search." *Id.* We conclude today that our previous treatment of resisting search and resisting arrest as one offense was correct.

the court of criminal appeals concluded that section 22.021 provided for separate offenses because it criminalized very specific conduct, separated the specific types of conduct into separate sections, and separated those sections by "or." *Vick v. State*, 991 S.W.2d 830, 832–33 (Tex.Crim. App.1999). The court reached a similar conclusion in analyzing section 39.03, official oppression. *See Haight v. State*, 137 S.W.3d 48, 50–51 (Tex.Crim.App.2004). In *Haight*, the court stated that section 39.03 was "also a conduct-oriented statute that criminalizes several different types of conduct, each of which, if committed, would cause a different type of harm to a victim." *Id.* at 50.

Turning to the instant case, we should examine the structure and language of the statute in question. *See Vick*, 991 S.W.2d at 832–33. We note first that section 38.03—resisting arrest, search, or transportation—does not address varying types of very specific conduct. Section 38.03(a) states,

> A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003). The conduct proscribed in the statute is the act of preventing or obstructing a peace officer from completing his tasks. The actor must intentionally prevent or obstruct some act of a peace officer *in order to prevent the peace officer from effecting his duties*. It matters not if the actor does that by hitting, kicking, or using the weight of his body so long as the person is intentionally interfering with the peace officer's duties. "[T]he 'nature of conduct' . . . is inconsequential (so long as it includes a voluntary act) to the commission of the crimes." *See Crawford v. State*, 863 S.W.2d 152, 166 (Tex.App.-Houston [1st Dist.] 1994) (quoting *Alvarado v. State*, 704 S.W.2d 36, 37 (Tex.Crim. App.1985)), *rev'd on other grounds*, 892 S.W.2d 1 (Tex.Crim.App.1994). Further, with which duty the actor interferes is simply another means by which a person could be interfering with a police officer effecting his duties.

Absent different specific types of conduct, section 38.03 does not address different types of harm. Further, section 38.03 addresses the conduct proscribed (preventing or obstructing) in one section, not multiple sections separated by the term "or." The actions of resisting arrest, resisting search, and resisting transportation are not separated into multiple sections. We see no indication the legislature intended to address three distinct offenses. We conclude that unlike the statutes in *Vick* or in *Haight*, section 38.03 does not provide for three distinct offenses.

Section 38.03 refers to only one offense, identifying three theories under which it can be committed. Accordingly, we hold the court did not err in charging appellant in the disjunctive. *See Kitchens*, 823 S.W.2d at 258. Because the charge was not erroneous, it is unnecessary to perform an egregious harm analysis. We resolve appellant's second issue against him.

## SUFFICIENCY OF THE EVIDENCE

█ In his first issue, appellant argues there was no evidence to support a conviction for resisting arrest or transportation. *See* Tex. Pen. Code Ann. § 38.03. Appellant does not contest the sufficiency of the evidence to support a conviction under section 38.03 under the theory that appellant prevented or obstructed a peace officer from effecting a search.

We decided above that the court did not err in charging the jury in the disjunctive. When a charging instrument alleges alternative means for the commission of an offense, the conviction will stand if the evidence supports any of the theories alleged. *Kitchens*, 823 S.W.2d at 259 ("'[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any of the acts charged.'") (quoting *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970)). Thus, the State need prove only one of the underlying theories in order to support the conviction. Because appellant does not contest the sufficiency of the evidence to prove culpability for section 38.03 by preventing or obstructing a peace officer from effecting a search, we resolve his first issue against him. *See Kitchens*, 823 S.W.2d at 259; *St. Clair v. State*, 26 S.W.3d 89, 99 (Tex.App.-Waco 2000, pet. ref'd).

We dismiss the appeal in cause number 05–03–01030–CR. We affirm the trial court's judgment in cause number 05–03–01029–CR.