

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-131-CR

ROOSEVELT DAWSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Roosevelt Dawson appeals his conviction of murder.  In two points, appellant argues that the trial court committed plain error in failing to submit the charge of self-defense and that the evidence is factually insufficient because the trial court submitted a charge that allowed a less than unanimous verdict.  We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background Facts

Mary Morgan and appellant dated for a couple of years until Morgan ended their relationship sometime in January 2005. Appellant continued to call Morgan and refused to move on. On February 22, 2005, Morgan and appellant had an angry conversation over the phone for about an hour. Morgan then left her apartment, where she lived with her four children, to go pick up her son Ebony at his grandmother's home when her daughters Ashley and Tempest heard a horn honking and yelling outside. Ashley and Tempest looked outside and saw appellant drive off in their mother's car with Morgan in the passenger's seat sitting with her back against the door. Tempest and Morgan's son, Kedoni, also saw what they believed to be appellant's car parked outside in the parking lot.

Ashley called Ebony and told him that she thought appellant had taken their mother. Ebony and his cousin, Ieshia, got into Ieshia's car to see if they could find Morgan. As Ebony and Ieshia drove towards Morgan's apartment, they spotted Morgan's car at the park. They pulled up and parked right in front of Morgan's car. They saw that appellant was in the car with Morgan, and Ieshia went to the passenger's side of Morgan's car to get her out. However, Morgan was upset and told Ieshia to leave because appellant would hurt "her baby," referring to Ebony. Ieshia then saw that appellant had a gun to

2

Morgan's side, and she backed away from the car. Appellant then took off in the car, and Ebony and Ieshia followed. While they were chasing appellant and Morgan, Ieshia called 911. A few blocks later, appellant stopped the car, and Ebony rammed his car into Morgan's car. Appellant then shot Morgan and fired a shot at Ebony and Ieshia. Ebony rammed the car again, and appellant shot Morgan for a second time. Morgan escaped from the car and stumbled toward a nearby house, and appellant drove off. Morgan died shortly thereafter.

Appellant discarded the gun, but before the police arrested him, he confessed to a friend that he had killed someone. A grand jury indicted appellant for capital murder, and a jury convicted him of murder. A jury also recommended punishment at sixty years' confinement, and the trial court sentenced him accordingly. Appellant timely filed this appeal.

**Jury Charge of Self-Defense**

In his first point, appellant argues that the trial court committed plain error by failing to submit a charge of self-defense.

**Applicable Law**

The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007) (stating "the judge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"); *Hutch*

3

*v. State,* 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  An accused is entitled

to an instruction on any defensive issue raised by the evidence, whether that

evidence is weak or strong, unimpeached or contradicted, and regardless of

what the trial court may think about the credibility of the evidence.  *See* TEX.

CODE CRIM. PROC. ANN. art. 36.14; *Granger v. State,* 3 S.W.3d 36, 38 (Tex.

Crim. App. 1999); *Hudson v. State,* 145 S.W.3d 323, 324–25 (Tex.

App.—Fort Worth 2004, pet. ref'd).  Article 36.14, however, imposes no duty

on the trial court to sua sponte instruct the jury on unrequested defensive

issues because these issues are not "law applicable to the case"; they are

simply issues that were not raised at trial.  *See* TEX. CODE CRIM. PROC. ANN. art.

36.14; *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

**Analysis**

Here, appellant did not request a self-defense instruction[2] nor did he

object to the jury charge, which did not include a self-defense instruction.

Because appellant did not request the instruction, the trial court did not have

---

[2] The Texas Penal Code states that "a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force."  TEX. PENAL CODE ANN. § 9.31 (Vernon Supp. 2007).

a duty to include one in the charge. *See Posey,* 966 S.W.2d at 62. Accordingly, we overrule appellant's first point.

## Unanimity of the Verdict

In his second point, appellant argues that the evidence is factually insufficient because the trial court submitted a charge that allowed a less than unanimous verdict.

### Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32.

If there is error in the court's charge but the appellant did not object to it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* TEX. CODE CRIM. PROC. ANN. art. 36.19 (Vernon 2006); *Hutch*, 922 S.W.2d at 171.

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel

5

and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Hutch*, 922 S.W.2d at 172–74. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); *Hutch*, 922 S.W.2d at 171.

**Applicable Law**

A jury verdict in a criminal case is required to be unanimous. TEX. CONST. art. V, § 13; *Pizzo v. State,* 235 S.W.3d 711, 714 (Tex. Crim. App. 2007); *Rangel v. State,* 199 S.W.3d 523, 540 (Tex. App.—Fort Worth 2006, pet. dism'd). A unanimous jury verdict "ensures that the jury agrees on the factual elements underlying an offense," requiring "more than mere agreement on a violation of a statute." *Pizzo,* 235 S.W.3d at 714; *Francis v. State,* 36 S.W.3d 121, 125 (Tex. Crim. App. 2000); *see also Rangel,* 199 S.W.3d at 540. To discern what a jury must be unanimous about, appellate courts examine the statute defining the offense to determine whether the legislature "creat[ed] multiple, separate offenses, or a single offense" with different methods or means of commission. *Pizzo,* 235 S.W.3d at 714; *Stuhler v. State,* 218 S.W.3d 706, 718–19 (Tex. Crim. App. 2007); *Jefferson v. State,* 189 S.W.3d

6

305, 311 (Tex. Crim. App.), *cert. denied,* 127 S. Ct. 386 (2006). "[J]ury unanimity is required on the essential elements of the offense" but is "generally not required on the alternate modes or means of commission." *Pizzo,* 235 S.W.3d at 714; *Stuhler,* 218 S.W.3d at 718; *Jefferson,* 189 S.W.3d at 311. Therefore, it is necessary to identify the essential elements or gravamen of an offense and the alternate modes of commission, if any. *Pizzo,* 235 S.W.3d at 714; *Stuhler,* 218 S.W.3d at 718; *Jefferson,* 189 S.W.3d at 311. This is accomplished by diagraming the statutory text according to the rules of grammar. *Pizzo,* 235 S.W.3d at 714; *Stuhler,* 218 S.W.3d at 718; *Jefferson,* 189 S.W.3d at 311. The essential elements of an offense are, at a minimum: (1) "the subject (the defendant);" (2) "the main verb;" (3) "the direct object if the main verb requires a direct object (i.e., the offense is a result-oriented crime);" (4) the specific occasion; and (5) the requisite mental state. The means of commission or nonessential unanimity elements are generally set out in "adverbial phrases" that describe how the offense was committed. *Pizzo,* 235 S.W.3d at 714–15; *Stuhler,* 218 S.W.3d at 718; *Jefferson,* 189 S.W.3d at 311; *see also Gandy v. State,* 222 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (analyzing section 19.02 and stating "[i]t is common form for the legislature to define an offense with the preparatory phrase 'a person commits an offense if . . . .' Thereafter, criminal statutes

7

typically set forth various manner and means of committing the offense.").

Such phrases are commonly preceded by the preposition "by." *Pizzo,* 235

S.W.3d at 715; *Stuhler,* 218 S.W.3d at 718; *Jefferson,* 189 S.W.3d at 311;

*see also Gandy,* 222 S.W.3d at 529.

Because of the possibility of a nonunanimous jury verdict, "separate

offenses" may not be submitted to the jury in the disjunctive. *Francis,* 36

S.W.3d at 124–25; *Rangel,* 199 S.W.3d at 540; *Finster v. State,* 152 S.W.3d

215, 218 (Tex. App.—Dallas 2004, no pet.). A trial court may, however,

submit a disjunctive jury charge and obtain a general verdict when alternate

theories or "manner and means" involve the commission of the "same offense."

*Francis,* 36 S.W.3d at 124; *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.

Crim. App. 1991), *cert. denied,* 504 U.S. 958 (1992); *Finster,* 152 S.W.3d at

218; *see also Ngo v. State,* 175 S.W.3d 738, 745 (Tex. Crim. App. 2005)

(stating that the phrase "manner and means" describes *how* the defendant

committed the specific statutory criminal act).

The unanimity requirement is not violated when the jury has the option

of choosing between alternative modes of commission. *Pizzo,* 235 S.W.3d at

715; *Kitchens,* 823 S.W.2d at 258. Thus, we must determine whether the jury

charge in this case merely charged alternate theories of committing the same

offense in the disjunctive or whether it included two or more separate offenses

8

charged disjunctively. *See Rangel,* 199 S.W.3d at 540; *see also Finster,* 152

S.W.3d at 218.

**Analysis**

The grand jury charged appellant in a two paragraph indictment with

committing murder under Texas Penal Code section 19.02(b).[3] *See* TEX. PENAL

CODE ANN. § 19.02(b)(1), (2) (Vernon 2003).  Section 19.02(b) of the penal

code states that a person commits the offense of murder if he

> (1) intentionally or knowingly causes the death of an individual; [or]

> (2) intends to cause serious bodily injury and commits an act clearly
> dangerous to human life that causes the death of an individual.

*Id.*  The jury charge tracked the statutory language of section 19.02 and

instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that
> on or about the 22nd day of February, 2005, in Tarrant County,
> Texas, the Defendant, Roosevelt Dawson, did then and there
> *intentionally or knowingly cause the death of an individual, Mary
> Morgan, by shooting her with a firearm, or,* if you find from the
> evidence beyond a reasonable doubt that on or about the 22nd day
> of February, 2005, in the County of Tarrant and State of Texas,
> the Defendant, Roosevelt Dawson, did then and there *intentionally,
> with the intent to cause serious bodily injury to Mary Morgan,
> commit an act clearly dangerous to human life, namely, shoot her
> with a firearm, which caused the death of Mary Morgan*, then you

---

[3] The grand jury also indicted appellant for capital murder, but he did
not appeal that part of the charge.

9

will find the Defendant guilty of the offense of Murder as charged in Count Two of the indictment.[4] [Emphasis added.]

Appellant argues that the charge submitted to the jury allowed it to reach a nonunanimous verdict because the instructions did not apply to the manner and means of committing the offense of murder but applied to different factual offenses. We agree with appellant that he is entitled to a unanimous guilty verdict, but we disagree that he was charged with two separate offenses. The jury charge demonstrates that appellant was charged with only one offense: murder.

The court of criminal appeals has determined that the provisions of section 19.02(b) set forth alternative methods or means of committing the same offense. *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex. Crim. App. 1987) (op. on reh'g); *Yost v. State,* 222 S.W.3d 865, 877 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd); *Williams v. State,* No. 03-05-00460-CR, 2008 WL 744710, at *5 (Tex. App.—Austin Mar. 21, 2008, no pet.) (mem. op., not designated for publication)*. The charge in this case allowed the jury to convict appellant of only one offense, murder, (a) if it found that he intentionally or knowingly caused Morgan's death by shooting her with a firearm or (b) if it

---

[4] The jury charge also stated that the presiding juror should certify the verdict form "when you have unanimously agreed upon a verdict."

10

found that he intended to cause Morgan serious bodily injury and committed an act clearly dangerous to human life—shooting her with a firearm—that caused Morgan's death. Whether appellant intentionally caused Morgan's death or whether he intended only to cause Morgan serious bodily injury and committed an act clearly dangerous to human life which caused Morgan's death, only a single crime of murder could have been committed.

Accordingly, appellant was convicted under a statute and jury charge that did not describe different offenses but instead set forth different methods of committing the same offense. *See Aguirre,* 732 S.W.2d at 326*; Gandy,* 222 S.W.3d at 529 (explaining murder statute sets forth various manner and means of committing the same offense); *Gray v. State,* 980 S.W.2d 772, 775 (Tex. App.—Fort Worth 1998, no pet.); *Hernandez v. State*, No. 05-06-01238-CR, 2008 WL 588902, at *3 (Tex. App.—Dallas Mar. 5, 2008, pet. filed). Because the trial court did not err in submitting the alternate means of committing murder disjunctively, the jury charge appropriately instructed the jury and did not allow a less than unanimous verdict. *See Kitchens,* 823 S.W.2d at 258. We overrule appellant's second point.

**Conclusion**

Having overruled appellant's two points, we affirm the trial court's judgment.

PER CURIAM

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: July 10, 2008

12