COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-131-CR

 

 

ROOSEVELT DAWSON                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Roosevelt Dawson
appeals his conviction of murder.  In two
points, appellant argues that the trial court committed plain error in failing
to submit the charge of self-defense and that the evidence is factually
insufficient because the trial court submitted a charge that allowed a less
than unanimous verdict.  We affirm.     








Background Facts

Mary Morgan and appellant
dated for a couple of years until Morgan ended their relationship sometime in
January 2005.  Appellant continued to
call Morgan and refused to move on.  On
February 22, 2005, Morgan and appellant had an angry conversation over the
phone for about an hour.  Morgan then
left her apartment, where she lived with her four children, to go pick up her
son Ebony at his grandmother=s home when her daughters Ashley and Tempest heard a horn honking and
yelling outside.  Ashley and Tempest
looked outside and saw appellant drive off in their mother=s car with Morgan in the passenger=s seat sitting with her back against the door.  Tempest and Morgan=s son, Kedoni, also saw what they believed to be appellant=s car parked outside in the parking lot.  








Ashley called Ebony and told
him that she thought appellant had taken their mother.  Ebony and his cousin, Ieshia, got into Ieshia=s car to see if they could find Morgan.  As Ebony and Ieshia drove towards Morgan=s apartment, they spotted Morgan=s car at the park.  They pulled
up and parked right in front of Morgan=s car.  They saw that appellant
was in the car with Morgan, and Ieshia went to the passenger=s side of Morgan=s car to get
her out.  However, Morgan was upset and
told Ieshia to leave because appellant would hurt Aher baby,@ referring
to Ebony.  Ieshia then saw that appellant
had a gun to Morgan=s side, and
she backed away from the car.  Appellant
then took off in the car, and Ebony and Ieshia followed.  While they were chasing appellant and Morgan,
Ieshia called 911.  A few blocks later,
appellant stopped the car, and Ebony rammed his car into Morgan=s car.  Appellant then shot
Morgan and fired a shot at Ebony and Ieshia. 
Ebony rammed the car again, and appellant shot Morgan for a second
time.  Morgan escaped from the car and
stumbled toward a nearby house, and appellant drove off.  Morgan died shortly thereafter.

Appellant discarded the gun,
but before the police arrested him, he 
confessed to a friend that he had killed someone.  A grand jury indicted appellant for capital
murder, and a jury convicted him of murder. 
A jury also recommended punishment at sixty years= confinement, and the trial court sentenced him accordingly.  Appellant timely filed this appeal.

Jury Charge of Self-Defense

In his first point, appellant
argues that the trial court committed plain error by failing to submit a charge
of self-defense. 

Applicable Law








The purpose of the jury
charge is to inform the jury of the applicable law and guide them in its
application to the case.  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007) (stating Athe judge shall . . . deliver to the jury . . . a written charge
distinctly setting forth the law applicable to the case@); Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App.
1996).  An accused is entitled to an
instruction on any defensive issue raised by the evidence, whether that
evidence is weak or strong, unimpeached or contradicted, and regardless of what
the trial court may think about the credibility of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 36.14; Granger v. State, 3 S.W.3d 36,
38 (Tex. Crim. App. 1999); Hudson v. State, 145 S.W.3d 323, 324B25 (Tex. App.CFort Worth
2004, pet. ref=d).  Article 36.14, however, imposes no duty on
the trial court to sua sponte instruct the jury on unrequested defensive issues
because these issues are not Alaw applicable to the case@; they are simply issues that were not raised at trial.  See Tex.
Code Crim. Proc. Ann. art. 36.14; Posey v. State, 966 S.W.2d 57,
62 (Tex. Crim. App. 1998).

Analysis








Here, appellant did not
request a self-defense instruction[2]
nor did he object to the jury charge, which did not include a self-defense
instruction. Because appellant did not request the instruction, the trial court
did not have a duty to include one in the charge.  See Posey, 966 S.W.2d at 62.  Accordingly, we overrule appellant=s first point.

Unanimity of the Verdict

In his second point,
appellant argues that the evidence is factually insufficient because the trial
court submitted a charge that allowed a less than unanimous verdict.

Standard of Review

Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731B32.

If there is error in the
court=s charge but the appellant did not object to it at trial, we must
decide whether the error was so egregious and created such harm that appellant
did not have a fair and impartial trialCin short, that Aegregious
harm@ has occurred.  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g); see Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 2006); Hutch, 922 S.W.2d at 171.








In making this determination,
Athe actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole.@  Almanza, 686 S.W.2d at
171; see generally Hutch, 922 S.W.2d at 172B74.  The purpose of this review
is to illuminate the actual, not just theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174.  Egregious harm is a difficult standard to
prove and must be determined on a case-by-case basis.  Ellison v. State, 86 S.W.3d 226, 227
(Tex. Crim. App. 2002); Hutch, 922 S.W.2d at 171.

Applicable Law













A jury verdict in a criminal
case is required to be unanimous.  Tex. Const. art. V, ' 13; Pizzo v. State, 235 S.W.3d 711, 714 (Tex. Crim. App.
2007); Rangel v. State, 199 S.W.3d 523, 540 (Tex. App.CFort Worth 2006, pet. dism=d).  A unanimous jury verdict Aensures that the jury agrees on the factual elements underlying an
offense,@ requiring Amore than
mere agreement on a violation of a statute.@  Pizzo, 235 S.W.3d at
714; Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000); see
also Rangel, 199 S.W.3d at 540.  To
discern what a jury must be unanimous about, appellate courts examine the
statute defining the offense to determine whether the legislature Acreat[ed] multiple, separate offenses, or a single offense@ with different methods or means of commission.  Pizzo, 235 S.W.3d at 714; Stuhler
v. State, 218 S.W.3d 706, 718B19 (Tex. Crim. App. 2007); Jefferson v. State, 189 S.W.3d 305,
311 (Tex. Crim. App.), cert. denied, 127 S. Ct. 386 (2006).  A[J]ury unanimity is required on the essential elements of the offense@ but is Agenerally
not required on the alternate modes or means of commission.@  Pizzo, 235 S.W.3d at
714; Stuhler, 218 S.W.3d at 718; Jefferson, 189 S.W.3d at
311.  Therefore, it is necessary to
identify the essential elements or gravamen of an offense and the alternate
modes of commission, if any.  Pizzo, 235
S.W.3d at 714; Stuhler, 218 S.W.3d at 718; Jefferson, 189 S.W.3d
at 311.  This is  accomplished by diagraming the statutory text
according to the rules of grammar.  Pizzo,
235 S.W.3d at 714; Stuhler, 218 S.W.3d at 718; Jefferson, 189
S.W.3d at 311.  The essential elements of
an offense are, at a minimum: (1) Athe subject (the defendant);@ (2) Athe main
verb;@ (3) Athe direct
object if the main verb requires a direct object (i.e., the offense is a
result-oriented crime);@ (4) the
specific occasion; and (5) the requisite mental state.  The means of commission or nonessential
unanimity elements are generally set out in Aadverbial phrases@ that describe how the offense was committed.  Pizzo, 235 S.W.3d at 714B15; Stuhler, 218 S.W.3d at 718; Jefferson, 189 S.W.3d at
311; see also Gandy v. State, 222 S.W.3d 525, 529 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d) (analyzing section 19.02 and stating A[i]t is common form for the legislature to define an offense with the
preparatory phrase >a person
commits an offense if . . . .=  Thereafter, criminal statutes
typically set forth various manner and means of committing the offense.@).  Such phrases are commonly
preceded by the preposition Aby.@  Pizzo, 235 S.W.3d at 715; Stuhler, 218
S.W.3d at 718; Jefferson, 189 S.W.3d at 311; see also Gandy, 222
S.W.3d at 529. 

Because of the possibility of
a nonunanimous jury verdict, Aseparate offenses@ may not be submitted to the jury in the disjunctive.  Francis, 36 S.W.3d at 124B25; Rangel, 199 S.W.3d at 540; Finster v. State, 152
S.W.3d 215, 218 (Tex. App.CDallas 2004, no pet.).  A trial
court may, however, submit a disjunctive jury charge and obtain a general
verdict when alternate theories or Amanner and means@ involve the
commission of the Asame
offense.@  Francis, 36 S.W.3d at
124; Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991), cert.
denied, 504 U.S. 958 (1992); Finster, 152 S.W.3d at 218; see also
Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) (stating that the
phrase Amanner and means@ describes how
the defendant committed the specific statutory criminal act). 








The unanimity requirement is
not violated when the jury has the option of choosing between alternative modes
of commission.  Pizzo, 235 S.W.3d
at 715; Kitchens, 823 S.W.2d at 258. 
Thus, we must determine whether the jury charge in this case merely
charged alternate theories of committing the same offense in the disjunctive or
whether it included two or more separate offenses charged disjunctively.  See Rangel, 199 S.W.3d at 540; see
also Finster, 152 S.W.3d at 218.

Analysis

The grand jury charged
appellant in a two paragraph indictment with committing murder under Texas
Penal Code section 19.02(b).[3]  See Tex.
Penal Code Ann. '
19.02(b)(1), (2) (Vernon 2003).  Section
19.02(b) of the penal code states that a person commits the offense of murder
if he

(1)
intentionally or knowingly causes the death of an individual; [or]

 

(2)
intends to cause serious bodily injury and commits an act clearly dangerous to
human life that causes the death of an individual. 

 

Id.  The jury charge tracked the statutory
language of section 19.02 and instructed the jury as follows:








Now, if you find from the
evidence beyond a reasonable doubt that on or about the 22nd day of
February, 2005, in Tarrant County, Texas, the Defendant, Roosevelt Dawson, did
then and there intentionally or knowingly cause the death of an individual,
Mary Morgan, by shooting her with a firearm, or, if you find from the
evidence beyond a reasonable doubt that on or about the 22nd day of
February, 2005, in the County of Tarrant and State of Texas, the Defendant,
Roosevelt Dawson, did then and there intentionally, with the intent to cause
serious bodily injury to Mary Morgan, commit an act clearly dangerous to human
life, namely, shoot her with a firearm, which caused the death of Mary Morgan,
then you will find the Defendant guilty of the offense of Murder as charged in
Count Two of the indictment.[4]
[Emphasis added.]

Appellant argues that the
charge submitted to the jury allowed it to reach a nonunanimous verdict because
the instructions did not apply to the manner and means of committing the
offense of murder but applied to different factual offenses.  We agree with appellant that he is entitled
to a unanimous guilty verdict, but we disagree that he was charged with two
separate offenses.  The jury charge
demonstrates that appellant was charged with only one offense: murder. 








The court of criminal appeals
has determined that the provisions of section 19.02(b) set forth alternative
methods or means of committing the same offense.  Aguirre v. State, 732 S.W.2d 320, 326
(Tex. Crim. App. 1987) (op. on reh=g); Yost v. State, 222 S.W.3d 865, 877 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d); Williams v. State, No. 03-05-00460-CR, 2008 WL 744710, at
*5 (Tex. App.CAustin Mar.
21, 2008, no pet.) (mem. op., not designated for publication).  The charge in this case allowed the jury
to convict appellant of only one offense, murder, (a) if it found that he
intentionally or knowingly caused Morgan=s death by shooting her with a firearm or (b) if it found that he
intended to cause Morgan serious bodily injury and committed an act clearly
dangerous to human lifeCshooting her
with a firearmCthat caused
Morgan=s death.  Whether appellant
intentionally caused Morgan=s death or whether he intended only to cause Morgan serious bodily
injury and committed an act clearly dangerous to human life which caused Morgan=s death, only a single crime of murder could have been committed.

Accordingly, appellant was
convicted under a statute and jury charge that did not describe different
offenses but instead set forth different methods of committing the same
offense.  See Aguirre, 732 S.W.2d
at 326; Gandy, 222 S.W.3d at 529 (explaining murder statute sets forth
various manner and means of committing the same offense); Gray v. State, 980
S.W.2d 772, 775 (Tex. App.CFort Worth 1998, no pet.); Hernandez v. State, No.
05-06-01238-CR, 2008 WL 588902, at *3 (Tex. App.CDallas Mar. 5, 2008, pet. filed). 
Because the trial court did not err in submitting the alternate means of
committing murder disjunctively, the jury charge appropriately instructed the
jury and did not allow a less than unanimous verdict.  See Kitchens, 823 S.W.2d at 258.  We overrule appellant=s second point.         

 

 

 








Conclusion

Having overruled appellant=s two points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
July 10, 2008 

 











[1]See Tex. R. App. P. 47.4.





[2]The
Texas Penal Code states that Aa person is justified in
using force against another when and to the degree the actor reasonably
believes the force is immediately necessary to protect the actor against the
other=s use
or attempted use of unlawful force.@  Tex.
Penal Code Ann. ' 9.31
(Vernon Supp. 2007).





[3]The
grand jury also indicted appellant for capital murder, but he did not appeal
that part of the charge. 





[4]The
jury charge also stated that the presiding juror should certify the verdict
form Awhen
you have unanimously agreed upon a verdict.@