**Affirmed and Opinion Filed July 23, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01465-CR**

**MIGUEL ANGEL MONJARAS, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. M1710840**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

Miguel Angel Monjaras, Jr., appeals the trial court's final judgment convicting him of resisting arrest, search, or transportation. The jury found Monjaras guilty. The trial court assessed his punishment at 180 days of confinement and a fine in the amount of $300, suspended the imposition of confinement, and placed him on community supervision for twelve months. Monjaras raises one issue on appeal arguing the evidence is insufficient to support his conviction. We conclude the evidence is sufficient and affirm the trial court's judgment.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Officers Victor Logan and Jerry Traughber each separately responded to a call about a possible intoxicated driver in a gray Dodge truck that was speeding and swerving in and out of lanes. Officer Logan located the vehicle first and followed it. He observed that the vehicle failed to maintain a single lane, almost hit oncoming traffic, and did not initially stop when he activated his overhead emergency lights. When the vehicle stopped, Officer Logan observed the driver climb into the backseat of the vehicle.

Officer Logan saw there were two occupants in the vehicle. He asked the driver why he was in the back seat and then walked around to the front passenger side of the vehicle where the other occupant, who was later identified as Monjaras, was seated. While he was doing so, the driver got out of the vehicle and walked to the back of the truck. At this point, Officer Traughber arrived.

While Officer Logan was speaking with the driver, Officer Traughber went to the front passenger side to speak with Monjaras. As he approached, Monjaras started to open the vehicle's door and get out. Officer Traughber repeatedly told Monnjaras to stay inside the vehicle but Monjaras refused to comply. So, Officer Traughber told Monjaras to get out of the vehicle, but Monjaras refused to get out of the vehicle and would not follow any of Officer Traughber's commands. Once Monjaras got out of the vehicle, Officer Traughber attempted to detain and handcuff him, but Monjaras pulled away. Officer Logan heard their raised and tense voices so he left

the driver to assist Officer Traughber.  Monjaras struggled with the officers, who had to force him to the ground in order to gain control and handcuff him.

Monjaras was charged by information with the offense of resisting arrest, search, or transportation.  Monjaras pleaded not guilty and the case was tried before a jury.  However, the trial court's charge did not conform to the charging instrument and limited the particular officer's duty that Monjaras was impeding to "effecting an arrest."  The jury found Monjaras guilty.  The trial court assessed his punishment at 180 days of confinement and a fine in the amount of $300, suspended the imposition of confinement, and placed him on community supervision for twelve months.

## II.  SUFFICIENCY OF THE EVIDENCE

In issue one, Monjaras argues the evidence is insufficient to support his conviction because it does not establish that he was impeding the officer from effecting an arrest at the time of his alleged resistance.  He contends that the State failed to prove he was under arrest and the testimony shows that it was a detention.  The State responds that the legal definitions of arrest and detention are irrelevant in the context of resisting arrest.

### (A)  Standard of Review

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence.  *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021).  When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury

was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Harrell*, 620 S.W.3d at 913–14. An appellate court measures the sufficiency of the evidence against the elements of the offense as defined by the hypothetically correct jury charge. *Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Further, an appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Harrell*, 620 S.W.3d at 914. All evidence will be considered when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

### (B) Applicable Law

A person commits the offense of resisting arrest, search, or transportation when the person: (1) intentionally prevents or obstructs (2) a peace officer (3) from effecting an arrest, search, or transportation of the person or another (4) by using force against the peace officer. TEX. PENAL CODE ANN. § 38.03(a). The State can prove that a person committed the offense of resisting arrest, search, or

–4–

transportation by showing that the person prevented an officer from effecting an arrest, from effecting a search, or from effecting transportation. *See Finster v. State*, 152 S.W.3d 215, 219 (Tex. App.—Dallas 2004, no pet.).

A peace officer "effects an arrest" when he attempts to detain or bring a person under control for "the purposes of the law." *Milazzo v. State*, No. 05-16-01282-CR, 2018 WL 316723, at *4 (Tex. App.—Dallas Jan. 8, 2018, no pet.) (mem. op., not designated for publication); *Nix v. State*, No. 05-12-00095-CR, 2014 WL 3828207, at *2 (Tex. App.—Dallas Aug. 5, 2014, pet. ref'd) (mem. op., not designated for publication); *Okere v. State*, No. 05-01-01545-CR, 2002 WL 1434093, at *3 (Tex. App.—Dallas July 3, 2002, no pet.) (not designated for publication); *see also Schrader v. State*, 753 S.W.2d 733, 735 (Tex. App.—Austin 1988, pet. ref'd). Thus, the issue is whether the actor has forcibly interfered with the "arrest" transaction or process by which the officer has attempted to bring the actor under control. *Nix*, 2014 WL 3828207, at *2; *see also Schrader*, 753 S.W.2d at 735.

When a person interferes with the transaction or process of conducting a search, that person has obstructed an officer "effecting a search." *See Jackson v. State*, 993 S.W.2d 162, 164 (Tex. App.—Eastland 1999, no pet.). This includes a defendant's forcibly obstructing an officer from patting him down to search for weapons incident to an investigatory detention. *Sartain v. State*, 228 S.W.3d 416, 425 (Tex. App.—Fort Worth 2007, pet. ref'd); *Jackson*, 993 S.W.2d at 164–65.

## (C)  Application of the Law to the Facts

Monjaras does not challenge the sufficiency of the evidence for every element of the offense.  Instead, he challenges only whether Officer Traughber was "effecting an arrest" and does not address whether the evidence is insufficient to show he was impeding the officer's duties of effecting a search or the transportation of Monjaras.[1]  Monjaras maintains Officer Traughber's testimony makes clear that he was only trying to detain him and had not decided to arrest him.  Monjaras further maintains, if Officer Traughber was merely attempting to detain him, the evidence is insufficient to support his conviction.

Officer Traughber testified that he repeatedly told Monjaras to stay inside the vehicle but Monjaras refused to comply.  As a result, he instructed Monjaras to get out of the vehicle but Monjaras refused to get out of the vehicle and would not follow any of Officer Traughber's commands.  Once Monjaras got out of the vehicle, Officer Traughber attempted to detain and handcuff him.  Officer Traughber stated that as part of detaining Monjaras he would have searched Monjaras for weapons or

---

[1]  Although the information charged Monjaras with resisting arrest, search, or transportation, by preventing or obstructing an officer from "effecting the arrest or search or transportation of the defendant," the trial court overruled the State's objection to the jury charge on the basis that it failed to include all three means of impeding the officer.  Specifically, the trial court limited the charge to "effecting an arrest" and excluded from it impeding the officer from effecting a search or effecting transportation.  Section 38.03 describes only one offense but identifies three different means by which it can be committed.  *Finster*, 152 S.W.3d at 219.  The particular duty that the defendant impedes "is simply another means by which a person could be interfering with a police officer effecting his duties."  *Id.*  Accordingly, it is not error for the trial court to charge the jury in the disjunctive enabling jurors to convict a defendant by finding he impeded the officer from effecting an arrest, effecting a search, or effecting transport.  *Id.*; *see also Clement v. State*, 248 S.W.3d 791, 802 (Tex. App.—Fort Worth 2008, no pet.).  Accordingly, we will review Monjaras's sufficiency challenge under a hypothetically correct jury charge that includes all three means charged by which the offense could have been committed.

–6–

patted him down and then put him into the patrol car, removing any threat he might have posed during their investigation. But Monjaras pulled away and struggled with the officers, who had to force him to the ground in order to gain control and handcuff him.

Also, Officer Traughber stated that things happened so quickly he did not have the opportunity to search Monjaras before handcuffing him. And Officer Logan testified that "it was an officer's safety issue because at this point, [he] still has not searched him, so [they] did not know if he had anything on him." Both officers stated that they believed that Monjaras was using force against them to prevent or obstruct an arrest, search, or transportation. Officer Logan testified that he believed this because, rather than staying seated in the truck as instructed, Monjaras was interfering with their investigation.

Accordingly, reviewing the evidence against the hypothetically correct jury charge, we conclude that a rational jury could have found Monjaras impeded the officer from effecting an arrest or effecting a search beyond a reasonable doubt. Accordingly, we conclude the evidence is sufficient to support Monjaras's conviction. *See Milazzo*, 2018 WL 316723, at *4 (concluding evidence sufficient to prove officer effecting arrest where, although officer told defendant he was not under arrest, defendant scuffled with officer and was placed in handcuffs); *Nix*, 2014 WL 3828207, at *2 (concluding evidence sufficient where officers initially meant to detain defendant while they investigated but changed to trying to effect arrest after

–7–

defendant brought to ground during altercation); *Sartain*, 228 S.W.3d at 425 (concluding evidence of resistance to pat down search for weapons sufficient to prove officer effecting search); *Okere*, 2002 WL 1434093, at *3 (concluding evidence sufficient to prove officer effecting arrest even though officer stated repeatedly he was detaining defendant where defendant ignored officer, was cautioned he would be arrested for evading detention if he continued to walk away, and swung away from officer when he grabbed defendant's arm).

Issue one is decided against Monjaras.

### III.  CONCLUSION

The evidence is sufficient to support Monjaras's conviction.

The trial court's judgment is affirmed.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

191465f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIGUEL ANGEL MONJARAS, JR., Appellant

No. 05-19-01465-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas Trial Court Cause No. M1710840. Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of July, 2021.